STATE *ex rel.* TOMPKINS *et al.* v. CHICAGO, M. &. St. P. RAILWAY COMPANY.

1. Plaintiff filed a petition to compel defendant to comply with an order of the railroad commissioners directing defendant to establish a daily passenger train between certain points on its line. The petition set up a petition by citizens along the defendant's line to the railroad commissioners, the order made by the board, and also a report filed on the hearing by defendant showing the receipts from that portion of the road, and the expense of running a separate passeuger and a mixed train over the line. Defendants answer admitted the filing of the petition, the hearing thereof, the estimate of the expense of additional train service, and the order made by the board; but expressly denied the truth of the matters set out in the petition, resolution, findings, and order, and alleged that the business of its road did not warrant the running of a daily passenger train on that line. *Held*, that the denials in the answer put in issue all the material allegations of the petition, and judgment on the pleadings could not be entered for plaintiff.

2. Under Laws 1897, c. 110, § 19, providing that, whenever any common carrier shall neglect to obey a lawful order of the board of railroad commissioners, it shall be the duty of the board to apply in a summary

way, to the circuit court to compel obedience to the same, and the court shall hear and determine the matter as a court of equity, without formal pleadings and proceedings applicable to ordinary suits in equity, but in such manner as to do justice, and may make all inquiries needful, a judgment for petitioner on the pleadings is properly denied, since it is doubtful whether the court could in any case enter judgment without first ascertaining the facts upon which the order of the board was made.

(Opinion filed November 18, 1898.)

Appeal from circuit court, Davison county.    Hon. FRANK B. SMITH, Judge.

Petition by the state on the relation of W. H. Tompkins and others, constituting the board of railroad commissioners, against the Chicago, Milwaukee & St. Paul Railway Company, to compel defendant to comply with an order of said board requiring it to run a daily passenger train between points on its road.    From a judgment denying plaintiff's motion for judgment on the pleadings, they appeal.    Affirmed.

The facts are stated in the opinion.

*T. H. Null* and *W. O. Temple*, for appellant.

The facts established by the admissions and averments of defendant's answer and the situations of the towns located upon this line of railway, with their population, of which the court will take judicial notice, make a case where there arises in favor of the public a clear and specific duty on the part of defendant as a carrier of passengers to operate a separate train for passengers thereon each way each day.    This duty is clear and specific and is imposed both by the common law and statute.    § 3007 Comp. Laws; People v. Railroad, 45 N. E. 824; 6 Thompson Corp. § 7828; 1 Redfield on Railways, 644; State v. Railroad, 18 Minn. 40; State v. Railroad 24 N. W. 329; S. C. 26 N. W. 205.

It being the duty of the railroad company to furnish suitable transportation for passengers the power to determine whether this duty is performed by running a mixed train, and if not, to enforce its performance in the proper manner is vested in the state acting through its appropriate tribunals and not in the discretion of the defendant and its board of directors. . Railroad Com'rs v. Railroad, 63 Me. 269; People v. Railroad, 22 N. E. 859.

The defense interposed that the performance of this duty would be unprofitable to the defendant is untenable. Smith v. Ames, 169 U. S. 246; Turnpike Road Co. v. Sanford, 164 U. S. 578; Railroad Com's v. Railroad, 65 Me. 269.

*A. B. Kittredge,* for respondent.

CORSON, P. J. . In September, 1897, the citizens of Chamberlain and towns along the defendant's railway, between that city and the city of Mitchell, presented a petition to the board of railway commissioners, in which they represented that the defendant company had neglected to furnish to the people along that line between Mitchell and Chamberlain, aforesaid, proper railway facilities, in that they neglected to run a passenger train between the two points mentioned, but in lieu thereof did run a mixed train, consisting of freight and passenger cars, and requested the said board to order the said defendant to institute regular passenger service on said line by running separate passenger trains thereon daily each way. The board of railway commissioners thereupon proceeded to hear the allegations contained in said petition, and the railway company appeared by its attorney, and presented reasons why it should not be required to run a separate passenger train on

that portion of its line. Upon such hearing the board found that said railway company neglected its duty by its failure to run a daily separate passenger train between the points mentioned, and made an order requiring said road to immediately proceed to establish a daily passenger train each way between the points named. This order the railway company refused to comply with, and thereupon the relators, in the name of the state of South Dakota, instituted proceedings under the provisions of chapter 110, Laws 1897, in the circuit court of the Fourth judicial circuit. In its petition the board set up the presentation of the petition, the hearing had by the board, and the order by it made, and prayed the court to enforce the said order. In said petition the said board set out what it claimed to be a report filed on the hearing before it by the railway company showing the receipts of that company from the portion of the line of road before referred to, the expense of running a separate passenger train over the above line, the expense of running a mixed train, and in which it was claimed by such company that the business on that portion of the road would not justify the running of a daily separate passenger train. To the petition the defendant interposed an answer, in which it denies "each and every allegation therein contained, except as hereinafter expressly admitted. (2) The defendant admits the allegations contained in paragraphs one, two, and three of said petition. (3) The defendant admits that on or about the 4th day of September, 1897, a petition was filed with the said board of railway commissioners in form set forth in paragraph four of the petition herein; and further admits that on or about the 4th day of October, 1897, the resolution in such paragraph was made and served on this defendant, and that a hearing

thereon was had on or about the 14th day of October, 1897; and that at said hearing defendant submitted, among other things, the estimates of expense of additional train service and passenger train revenue as alleged in plaintiffs' complaint; and further admits that on or about the 4th day of November, 1897, the said board of railway commissioners made the findings and order as alleged in said paragraph four of plaintiffs' petition, but expressly denies the truth of the matters set out in such petition, resolution, findings, and order of said railway commissioners." The defendant further alleged that the business of its road would not warrant the running of a daily separate passenger train over the said line, and that the receipts from the passenger traffic on that portion of the line were insufficient to pay the expense of running a separate passenger train. The defendant set out various other matters in its answer, not necessary now to be noticed, in the view we take of the case. Upon the answer being filed, the plaintiff's moved for judgment upon the pleadings, the motion was overruled, and from the order overruling the motion the appeal is taken to this court.

The important question involved in the present appeal is as to whether or not, under the pleadings and proceedings before the court, it was justified in refusing plaintiff judgment upon the pleadings. Respondent contends, in support of the court's order, that its denials in its answer put in issue the material allegations of the petition, and therefore the court would not have been justified in entering judgment for the plaintiffs upon the pleadings. In this contention we think the respondent is correct. While, as will be noticed, respondent's answer admits the fact that the petition was filed with said

board of railway commissioners as set forth in its petition presented to the circuit court, and that the resolution of the board set forth in the petition was adopted, and that at said hearing defendant submitted, among other things, the estimates of expense of additional train service and passenger train service, and admits that the said board of railway commissioners made the findings and order as alleged in its petition, yet it expressly denies the truth of the matter set forth in said petition, resolutions, findings, and order of said railway commissioners. Therefore, until proof had been offered establishing the facts so alleged in the said petition, the plaintiff was not entitled to judgment, under the ordinary rules of pleading. The admissions, as will be noticed, only go to the fact that such instruments were filed, and orders made, and no further.

But if there should be any question as to the correctness of this view, under the general rules of pleading, we think there can be none under the rules of pleading in the law itself prescribing the powers and duties of the railway commissioners. Section 19 of the law reads as follows: "Whenever any common carrier as defined in and subject to the provisions of this act shall violate or refuse or neglect to obey any lawful order or requirement of the said board of railroad commissioners, it shall be the duty of said commissioners and lawful for any company or person interested in such order or requirement, to apply in a summary way, by petition, to the circuit court in any county of this state in which the common carrier complained of has its principal office, or in in any county through which its line of road passes or is operated, or in which the violation or disobedience of such order or requirement may happen, alleging such viola-

tion or disobedience as the case may be;  *  *  *  and said court shall proceed to hear and determine the matter speedily as a court of equity, and without the formal pleadings and proceedings applicable to ordinary suits in equity, but in such manner as to do justice in the premises; and to this end such court shall have power if it think fit to direct and prosecute, in such mode and by such persons as it may appoint, all such inquiries as the court may think needful to enable it to form a just judgment in the matter of such petition." It will be noticed by the reading of that section that the circuit court is required to hear and determine the matters speedily, and without formal pleadings and proceedings. This section is not found in the Iowa law, from which our railway act was sub stantially taken, but seems to be a new section, adopted by our legislature.    And its evident object and purpose was to enable a court to revise and review the proceedings of the board of railway commissioners in such manner as the court may deem promotive of justice in the premises. In this review and revision such court is not required to proceed in the ordinary method, but may ascertain the facts upon which it may base a judgment in such manner as the court may direct.    Under this section, therefore, it is doubtful if it is proper for the court in any case to enter judgment upon the pleadings without first ascertaining, in such manner as it may deem proper, the facts and circumstances upon which the order of said board was made.    We are of the opinion therefore, that, in either view of the case, whether treated as a proceeding at law or equity, and governed by the ordinary rules belonging in such proceedings, or treated as a summary proceeding under the statute, where the ordinary rules of pleading do not apply, the court below

was clearly correct in overruling the motion for judgment, as the case was presented to it. The order of the circuit court is affirmed.