STATE ex rel BOARD OF RAILROAD COM'RS v. DU-LUTH, W. & P. RY. C. et al.

The Railroad Commissioners are among those authorized by Pol. Code, § 449, to maintain a proceeding to compel obedience by a carrier to an order of the Commission.

A carrier, by appearing generally and moving to dismiss a proceeding to compel obedience to an order of the Railroad Commission, and by making stipulations as to the evidence, submitted to the jurisdiction of the circuit court to hear such proceeding in the county in which instituted.

Under Pol. Code, § 449, providing that the court may enforce an order of the Railroad Commission by mandate, or otherwise, without formal pleadings in a summary way, it could not have prejudiced a carrier in any manner that the pleadings or process were more formal than required.

Pol. Code, § 449, providing that the Railroad Commission may bring the matter of the enforcement of its orders before the circuit court in a summary way "by petition," without formal pleadings, was substantially complied with by an affidavit designated in a paragraph thereof as a petition and divided into numbered paragraphs and containing a prayer for relief, all in form similar to a complaint in an ordinary equity action.

The findings or judgment not being questioned, ·the judgment is presumed correct.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Proceedings by the State, on relation of the Board of Railroad Commissioners, against the Duluth, Watertown & Pacific Railway Company and another. Judgment for relator, and defendants appeal. Affirmed.

*W. R. Beggs* and *C. H. Winsor,* for appellants. *S. W. Clark, Atty. Gen.,* and *P. W. Dougherty, Asst. Atty Gen.,* for respondent.

McCOY, J. This proceeding was instituted in the name of the state of South Dakota, on the relation of the Board of Railroad

Commissioners, aginst the defendants by the issuing of an order to show cause, in the form of an alternative writ of mandamus, requiring the defendants to show cause before the circuit court why a certain order of the said Board of Railroad Commissioners, requiring defendant to operate one passenger train daily on their line of railroad extending between the cities of Huron and Watertown, had not been complied with. This order to show cause was based on a petition in the from of an affidavit made by P. W. Doughterty, Special Assistant Attorney General, stating the facts in relation to the operation of defendant's passenger service between said cities, and also stating the procedure had before the said Board of Railroad Commissioners in connection therewith, and the making of said order by the said relators, and the refusal of defendants to comply therewith, and which affidavit or petition had annexed thereto as a part thereof copies of the procedure, findings of fact and conclusions of law, and the said order of said Board of Railroad Commissioners, and such affidavit concluded with a prayer for relief that an alternative writ of mandamus be issued commanding defendants to establish additional facilities in the way of passenger train service on the said line of road between the said cities of Huron and Watertown by operating one passenger train each way daily, and that defendant show cause before the court why a permanent writ of mandamus should not be issued to compel obedience to the said order of the Board of Railroad Commissioners. The defendants were brought into the circuit court by the service of said order to show cause, together with copies of said affidavit or petition and the said proceedings before the said Board of Railroad Commissioners annexed thereto, requiring defendants to appear before the said circuit court, at the courthouse in the city of Redfield, Spink county, S. D., on the 15th day of July, 1908, at the hour of 10 o'clock a. m. On the said return day defendants appeared by attorney, and moved to dismiss the said procedure, and defendants made and filed the following motion: "Now come the defendants above named, and move to dismiss the alternative writ of mandamus herein and all proceedings under it, for the following reasons: That it appears upon the face of the proceedings that neither the Railway Com-

mission, nor any persons interested in the order set forth as a part of the proceedings, have applied in a summary way, by petition to the circuit court, in any county of this state in which defendants or either of them complained of has its principal offices, or in anv county through which defendant's line of road passes or is operated, or in which the violation or disobedience of such order or requirement may have happened, alleging such violation or disobedience, as the case may be, and that said circuit court has not heard or determined the matter on any notice, either short or otherwise, to the common carriers, or either of them complained of, as the court shall have deemed reasonable, and that said court has not directed any notice to be served on such defendants, or any of its officers, agents, or servants, and no such notice has been served, and said circuit court has not proceeded without the formal proceedings and pleadings applicable to ordinary suits in equity, or in any other manner, to do justice in the premises; and the court has not appointed, or seen about appointing, any persons to make inquiries in regard to such matters as to enable the court to form a just judgment, and that it has not appeared, at any such hearing or on any report of any person or persons appointed by the court to make inquiries, that the order or requirement of said railway companies drawn in the question has been violated or disobeyed, all of which is required by section 449 of the Political Code of South Dakota, before any writ, mandatory or otherwise, can be lawfully issued in this proceeding by the circuit court of this state ,and that this court has no jurisdiction to issue any mandatory writ until such proceedings have been done and had." The motion being overruled, the defendants duly excepted. The defendants made no answer to said petition, but elected to stand on their motion to dismiss and the order of the court overruling the same. It was stipulated between plaintiffs and defendants in open court, by the respective attorneys of record, that: "The original order of the Board of Railroad Commissioners, and a copy of which is attached to the petition or affidavit for the alternative writ of mandamus, was a lawful order of said board, and all the proceedings leading up to its issuance were regular and valid and in compliance with the statute regulat-

ing such proceedings, and had been duly and regularly made and served on defendants, and that defendants have failed and neglected and refused, and still continue to fail and neglect and refuse to comply with the terms of said order." The court, after hearing the evidence submitted by plaintiff's witnesses, made findings of fact and conclusions of law, and rendered judgment as prayed for in said petitions, awarding a permanent writ of mandamus requiring and directing defendants to establish such· passenger train service. Defendants have appealed to this court, assigning as the sole error the ruling and order of the court in overruling and denying defendant's motion to dismiss the alternative writ or order to show cause issued in said action.

We are of the opinion that the motion to dismiss was properly overruled. The Railroad Commissioners are among those who are authorized by section 449, Pol. Code, to institute such a proceeding. By appearing generally and moving to dismiss, and making stipulations as to evidence, defendant submitted to the jurisdiction of the circuit court to hear such proceeding in Spink county. The order to show cause or alternative writ of mandamus, as it is dominated, fixed the time for service by the court. The main contention of defendants seems to be that, because the order to show cause made by the court was denominated an alternative writ, and that the paper on which it is based has been denominated an affidavit, it made the proceedings too formal. It will be observed that this statute provides that the proceedings may be had in a summary way without formal pleadings. We fail to see how the defendants might be prejudiced in any degree whatever by reason of the pleadings or process being too formal. It seems to us that the provisions of section 449 have been substantially complied with, although, possibly, with more formality than was necessary. This section 449 provides that may enforce the orders of the Railroad Commissioners by mandate, or otherwise, and this without formal pleadings, and it certainly could not prejudice the defendant by reason of the fact that he was notified in advance of the mandatory character of the procedure. Again this section 449 provides that the Board of Rail-

road Commissioners may bring the matter of the enforcement of their orders before the circuit court in a summary way by petition, without formal pleadings. We understand from this language of the statute that the form of the pleading is immaterial, providing the substance is sufficient. What in this case is denominated an affidavit by appellant is within itself, in paragraph No. X thereof, designated a petition. It is divided into numbered paragraphs, and contains a prayer for relief, all in form very similar to a complaint in any ordinary civil equity action, and we are of the opinion that in substance the proceess and pleading were sufficient to give the lower court jurisdiction to hear and determine the matter sought to be brought before the court on such procedure. Defendants have in no manner questioned the findings or judgment of the court; and, under the prevailing presumptions indulged in by all courts under such circumstances, the judgment is presumed to be right.

Appellants have cited the case of State v. C., M. & St. P. Ry. Co., 11 S. D. 282, 77 N. W. 104, as having some bearing on the case at bar, but we are unable to discover that that case has any application whatever to this case. It was held in that case that judgment could not be rendered and entered on the pleadings alone, where the defendant had appeared and made answer denying all the allegations of the petition, but that it was incumbent on plaintiff to submit testimony sufficient to establish the allegations of the petition, which in that case the plaintiff failed to do. In the case at bar the judgment is not questioned; neither is the sufficiency of the evidence or findings of fact questioned. Defendant's motion to dismiss, in effect, was an objection only to the sufficiency and form of the procedure by which defendants were brought into court.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J., took no part in this decision.