## REEDY v. HOWARD.

1. The fact that a motion to quash the service of a summons includes a motion to dismiss the action will not, except in case of attachment (Laws 1895, Chapter 67), or where the statute of limitations might operate as a bar (Comp. Laws, §4858), constitute a waiver of the defect in the service, since an action is commenced by service of summons (Comp. Laws, § 4892), and the effect of quashing the service is to terminate the action.

2. Where it is clear that defendant intends only to take advantage of a defective service of summons in his motion to quash the service, the fact

that the attorney signed the motion as "attorney for defendant" will not make the appearance general.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action by Thos E. Reedy against A. W. Howard. From an order sustaining a motion to quash service of summons and dismiss the action, plaintiff appeals. Affirmed.

*French & Orvis*, for appellant.

The defendant in making his motion entered a general appearance, first, because he asked that the action be dismissed; second, because he did not claim that his appearance was limited to the purposes of the motion in the notice of motion itself and because the notice of motion was signed by his attorney without any limitation. §4993 Comp. Laws; Chap. 67 Laws of 1895; Lowe v. Stringham 14 Wis. 242; Reed v. Chilson 142 N. Y. 152; Burdett v, Corgan, 26 Kan. 102; Altman v. Steinan. 8 Neb. 109; Bucklin v. Streckler, 132 Neb. 602; Sargeant v. Flaid, 90 Ind, 501; Coad v. Coad, 41 Wis. 46; Belknap v. Charlton, 25 Ore. 41; Gans v. Beasley, 59 N. W. 714; Pry v. Hannibal etc. Ry. Co. 73 Mo, 123; Dole v. Manley, 11 How Pr. 138; Deshler v. Foster, Morr. (Ia.) 403; Flake v. Carson, 33 Ill. 518; Abbott v. Semple, 25 Ill, 107; Altman v. Steinan, 8 Neb. 109; Bucklin v. Streckler 49 N. W. 371; Railroad Caldwell 19 Pac. 542; Sayward v. Carlson 23 Pac. 830; Bentz v. Eubank 4 Pac. 269.

*Robert B. Tripp*, for respondent.

An appearance to be special need not be expressly stated to be special. Houlton v, Gallow 57 N. W. 141; Law v. Nel-

son, 24 Pac. 2; Sullivan v. Frazer, 4 Rob. 616; Lake v. Kels, 11 Abb. (U. S.) 37.

Moving to dismiss an action because of improper service of the summons does not constitute a general appearance. Higgins v. Beveridge 28 N. W. 506; Harkness v. Hyde 98 U. S. 476; Linden v. Sheplar 53 Cal. 245; Lander v. Flemming 47 Cal. 614; Deideshrinner v. Brown, 8 Cal. 340; Weil v. Lowenthal, 10 Ia. 575; Nye v. Liscombe, 21 Pick 263; Benedict v. Johnson 4 S. D. 387; Kingsbury v. Railroad 64 N. W. 1036; Sanderson v. Railroad 21 N. W. 818; Belknap v. Charlton 34 Pac. 759.

CORSON, P. J. The defendant moved the court below to quash the service of the summons and dismiss the action, because it appears that said summons was served at a time when the defendant was privileged therefrom. This motion was signed by the attorney, who added, "Attorney for Defendant." The motion was granted, and the court made the following order: "Ordered, that said motion be, and the same is hereby, sustained, and the service of said summons herein is quashed and set aside, and said action is hereby dismissed, at plaintiff's cost of this motion, viz. filing and entering the same, to be taxed by the clerk, one and 25 100 dollars." From this order the plaintiff has appealed, and assigns the following errors: "(1) The court erred in sustaining defendant's motion to quash the service of the summons and dismiss the action; (2) the court erred in entering judgment quashing the service of the summons and dismissing the action." The appellant's contention is thus stated by his counsel in their brief: "appellant concedes that defendant's affidavit presents a

case clearly entitling him to an order quashing the service of the summons within the rule laid down in the case of Fisk v. Westover, 4 S. D. 233, 55 N. W. 961, and that, had his motion been confined to simply asking that the service of the summons be set aside, the motion ought to have been sustained. It is contended, however, that the defendant, in making the motion, entered a general appearance in the case; (1) Because he asked that the action be dismissed; (2) because he did not claim that his appearance was limited to the purposes of the motion in the notice of motion itself, and because the notice of motion was signed by his attorney without any limitation. If the defendant was exempt from service of process at the time the summons in this action was served upon him (and we concede that he was), he was entitled to such relief from the court as would place him in the same position as if no summons had been served upon him, and he was clearly entitled to nothing more." Two questions are therefore presented for our determination. (1) Did the fact that the defendant asked for a dismissal of the action, as well as the quashing of the service of the summons, constitute a waiver of the defect in the service of the summons, and give the court jurisdiction of his person? (2) Did the failure of the defendant to appear specially constitute such a general appearance in the action as to waive the defect of service, and confer jurisdiction upon the court of the person of the defendant?

In this state, ordinarily, a motion to quash the service of summons and dismiss the action on the ground that the court has not acquired jurisdiction of the person of the defendant is, in effect, the same as a motion to quash the summons, and, if granted, has the effect to dismiss the action, or perhaps, more

properly speaking, terminates the action. An action in the courts of record in this state is commenced by the service of summons; Comp. Laws, § 4892. When the service of the summons in such court is quashed, the action falls, except that, in case of attachment, the action shall be deemed commenced when the summons is issued (Laws. 1895, c. 67). as also in cases where the statute of limitation might constitute a bar to the action (Comp, Laws, § 4858). It not affirmatively appearing in this case that there was any warrant of attachment issued, and the question of the statute of limitations not being involved when the service of the summons was quashed, the action was necessarily terminated, as matter of law, without any formal order of dismissal by the court; and the entry of an order dismissing the action was a mere formal act that worked no prejudice to the plaintiff. The defendant, by his motion in asking the court not only to quash the service of the summons, but to dismiss the action, in effect asked nothing more, under our system, than would necessarily follow from the granting of the motion to quash the service. In a large number of states that have adopted the code system, actions are commenced by the filing of the complaint in the office of the clerk of the court, and not by the service of summons, as provided in this state, New York, and Wisconsin, and possibly others. In states where the action is commenced by filing the complaint, a motion to quash the service, if granted, does not necessarily affect the action, as that is still left pending, and hence the act of the court in dismissing the action is the exercise of a power necessarily requiring jurisdiction, not only over the subject-matter, but the person of the defendant; and where the defendant asks the exercise of that power he submits his person to

the jurisdiction of the court, and waives the defective service of the summons.   Mars v. Mining Co., 7 S. D. 605, 65 N. W. 19.   In the late case of Kingsley v. Railway Co., 91 Wis. 380, 64 N. W. 1036, the sumpreme court of Wisconsin, as to a similar motion to the one now before us, says:   "In the present case the defendant asked that the service of the summons be set aside, and the 'action be dismissed, with costs'; and in a subsequent part of the notice such reiief is asked, 'with the costs of motion.'   The defendant did not ask for costs of the action, but, in effect, for proper and rightful costs in consequence. It is not denied but that the defendant might have costs of the motion upon granting the relief prayed, and we think it would be going too far to construe the present notice as an application for relief which the court could grant only in case it had jurisdiction of the subject-matter and of the defendant, and therefore, by a refined and exceedingly technical construction, was a waiver of that want of jurisdiction upon which it was expressly and constantly insisting.   The claim for costs must be construed as a claim only for such costs as the court might properly grant on setting aside the service of the summons, and therefore was not a waiver of the objection, or a general appearance;" and the court concluded with the following order:   "The order of the circuit court is reversed, and the cause is remanded, with directions to set aside the service of the summons, and dismiss the action, with costs of the motion."   It will be noticed that the trial court in the case at bar has in its order followed the ·Wisconsin supreme court. That court does not treat the order for dismissal of the action as a judgment, but as an order, which, under the statute of that state, as well as our own, follows as a matter of course, when

the service of the summons is quashed in an ordinary case. without attemping to review the numerous decisions cited by appellant, we conclude that, under our statute, including with the motion to quash the service a motion to dismiss the action also, will not, ordinarily, constitute a waiver of the defect in the summons.

The failure of the defendant to appear specially, while technically irregular as a matter of practice, does not, of itself, constitute a waiver of the defect in the service, and will not be be treated as a general appearance. In determining whether or not an appearance in general or special, the court looks to the purpose for which it was made. Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; Allen v. Lee, 6 Wis. 478; Law v. Nelson, 14 Colo. 409, 24 Pac. 2; Lake v. Kels, 11 Abb. Prac. (N. S.) 37. In the first case cited the supreme court of Minnesota says: "The motion was confined to this specific purpose, but the attorneys signed the notice of motion as 'attorneys for defendant,' without expressly limiting their appearance to that purpose. This the plaintiff in the original brief, claimed amounted to a general appearance, which waived all defects in the service of the summons. Had the defect complained of gone to the jurisdiction of the court over the person of the defendant, there might possibly have been something in the point, although it will appear from the general tenor of our decisions on the subject that in determining whether an appearance was general or special we have looked to the purposes for which it was made, rather than to what the party had labeled it." That the defendant only intended to appear to take advantage of the defective service of the summons is clear from the motion and affidavit made in

support of the motion; and the contention that he, by the motion, intended to waive this defect, cannot justly be sustained. In Mars v. Mining Co., *supra*, this court held that a motion to quash the service of the summons and dismiss the action on the grounds, not only that the service was insufficient, but because the complaint did not state facts sufficient to constitute a cause of action, constituted a general appearance in the action. It was was further held that by a withdrawal of the motion to dismiss without objection the defendant's constructive general appearance was withdrawn, and the defendant thereby eliminated from the action; the grounds of the motion calling into exercise the powers of the court that could only be exercised when the court had jurisdiction of both the subject-matter and the person. In that case it was not the fact that defendant had asked for a dismissal of the action in his motion that constituted the general appearance, but the fact that it had asked for a dismissal upon the grounds going to the merits of the action. In Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66, the motion was simply to dismiss the action, but the motion was treated in the opinion as in effect, a motion to quash the service and dismiss the action, no question being raised as to the form of the motion. Finding no error in the record, the order of the court below is affirmed.