## MARIN v. TITUS.

On an application to set aside a default judgment for want of jurisdiction, evidence **held** to justify a finding that plaintiff resided at the place where the summons was alleged to have been served by leaving a copy with a person over 14 years of age found in charge of defendant's dwelling house.

A trial court acquires jurisdiction, if at all, through the proper service of summons, regardless of the return.

Where a return on a summons was defective, but the affidavits on an application to set aside a default judgment showed that the summons was in fact legally served, the motion was properly denied.

(Opinion filed, Sept. 3, 1909.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by W. A. Marin against G. M. Titus. From an order denying defendant's motion to vacate a judgment, he appeals. Affirmed.

*T. H. Null,* for appellant. *J. G. Bradford,* for respondent.

WHITING, J. This cause comes to this court upon an appeal from an order of the trial court denying the motion of the defendant asking that such trial court vacate the judgment rendered by said court herein. It appears from the record that this was an action brought to recover upon three certain promissory notes; that summons was issued herein August 1, 1903, which summons stated that the complaint would be filed in the office of the clerk of the circuit court.. The return on said summons was in the form of an affidavit, and stated that the affiant made diligent search for the defendant in the county of Jerauld, but could not find defendant; that he did find his dwelling house in the said county, and found a person over 14 years of age in charge thereof; that affiant

served said summons upon defendant, by delivering and leaving
with such person found in charge of defendant's dwelling house a
true and attested copy of the summons, on August 29, 1903.  The
return further states that affiant knows the place of service to be
the dwelling house of the defendant, and the person to whom the
paper was delivered to be the wife of defendant.  Judgment upon
default was taken in November, 1904.  The notice of motion to
vacate judgment was served in December, 1906, and states that the
motion will be made upon affidavits and proposed answer attached
to such notice.

'While the attaching of the proposed answer and the part of
the affidavits in relation to the merits of the cause would ordinar-
ily indicate that the motion was one to vacate the judgment on the
grounds of excusable neglect, yet it is quite evident that the ground
relied upon was want of jurisdition, and the parties have so treat-
ed the motion, both before the trial court and upon this appeal.  It
would appear, however, from statements found in the appellant's
brief, that the trial court based its ruling denying the motion large-
ly, if not entirely, upon the proposition that the defendant had sub-
mitted himself to the jurisdiction of such court by his offering an
answer in said cause.  Inasmuch as respondent does not seem to
rely upon such position, but contends that the trial court had juris-
diction through service of the summons, and that upon the show-
ing made on motion to vacate the judgment the court was fully
justified in denying the motion, we will simply consider this mat-
ter upon the question of whether the court acquired jurisdiction by
such service of summons.

The defendant upon the motion presented affidavits of himself
and wife, denying that any summons was ever left with said wife,
denying any knowledge of the bringing of such action until long
after judgment, claiming that at the time of the alleged service
the defendant was engaged as a merchant, and had charge of such
business and the post office at Templeton, Jerauld county, S. D.,
and further claiming that, from his books kept in connection with
such business, it appears that he was at home in charge of his
business on the day on which service is claimed to have been made
and that his dwelling house at that time was at or near his place

of business. Upon the other hand, the plaintiff presented affidavit from the party who made the return on the summons, showing fully what he did at that time, and stating that the defendant was not in business in Templeton at the time in question, but lived some four miles from Templeton, and that the wife of defendant advised him at the time of such service that the defendant was in Spink county, S. D. The defendant presented affidavit of the liveryman who drove the party serving the summons to the residence of the defendant, and this party corroborates the party who claims to have made the service. Defendant presented affidavit of another party, who was the agent of a medicine company, which affidavit would tend to show that defendant was not in business as a merchant at the time in question, but was engaged in Spink and Brown counties in selling medicine. Defendant also presented the affidavit of an officer of this medicine company, attached to affidavit being letters written by the defendant, together with copy of a letter written by the company to defendant; and said affidavit and letters tend to show that on the date of the claimed service the defendant was in the employ of the medicne company and on his way to Spink county. There was, therefore, ample evidence to justify the court in overruling the motion.

Appellant, however contends that the return on the summons is defective in substance, in that it does not specifically state that the summons was left at the dwelling of defendant, and raises other technical questions as to the wording of the return. The trial court acquired jurisdiction, if at all, through the proper service of the summons, and not through the return thereof; and while it is true that if the return was insufficient the court should not have entered judgment, and while it is true that in case judgment was erroneously entered upon the defective return the court upon motion should have vacated the judgment unless a showing was made that proper service was in fact made, yet, if upon such motion the court is satisfied from the showing made that as a matter of fact the summons was served as required by the statute, then and in that case the motion should be denied even if the original return was defective. It is shown beyond all question by the affidavits filed by defendant upon the motion to vacate judgment, even if the

original return was not sufficient, that the statute was fully com-
plied with in making the service of said summons. Therefore, if
the court believed the affidavits submitted on behalf of the defend-
ant, it could do nothing else than overrule the motion.

The order of the trial court is affirmed.