CHICAGO, M. & ST. P. RY. COMPANY, Appellant, v.
McCLELLAND et al., Respondents.

(163 N. W. 675.)

(File No. 4147.    Opinion filed July 5, 1917.    Rehearing denied
August 30, 1917.)

1. **Process—Eminent Domain—Summons, Service of by Publication,
Whether Applicable to Condemnation—Statutes Construed.**

Laws 1907, Chap. 127, amending Code Civ. Proc., Sec. 112,
providing that in any case where service may be made on a
defendant by publication, as therein provided, the summons
and complaint may, at plaintiff's option, be in the first instance
served upon defendant personally without the state, in which
event it shall not be necessary to present any affidavits to
court or procure any order for service by publication, is applic-
able to cases provided for by Code Civ. Proc., Sec. 868, which
section authorizes service of summons by publication on a
non-resident in condemnation proceedings; the practice in con-
demnation proceedings being provided for by Sec. 112, C. C.
P., except in particulars especially provided for by Sec. 868,
and, except as modified by the latter section, is controlled by
Sec. 112 as so amended

2. **Process—Jurisdiction—Condemnation    Proceedings—Service    on
Non-resident—Service of Petition With Summons, Necessity.**

Where personal service is made on a defendant outside the
state in condemnation proceedings, it is essential to jurisdic-
tion of the court that the petition be served with the sum-
mons; and unless so served, court does not acquire jurisdic-
tion, and a judgment rendered in such case is void; construing
Code Civ. Proc., Sec. 868, and Sec. 112, as amended by Laws
1907, Chap. 127.

3. **Process—Summons and Complaint, Service of, in Condemnation—
Petition, as Complaint—Necessity of Serving Petition—Sta-
tutes.**

The contention that there is no complaint in condemnation
proceedings, is not tenable; and, held, that a petition in con-
demnation case serves the same purpose as a complaint in any
other case; the difference between a complaint and a petition,
as those words are used in Code Civ. Proc., Secs. 119 and 864,
being in name only; and the purpose of either being to furnish
defendant with a "plain and concise statement of the facts
constituting" plaintiff's cause of action and the relief demanded.

4. **Jurisdiction—Special Appearance—Motion to Vacate Judgment—
Non-service of Amended Petition, as Ground, Whether Juris-
dictional, or Waiver of Jurisdiction?—Special Appearance.**

The fact that, in moving to vacate a judgment, one of the
grounds for the motion was that plaintiff amended its petition

after summons was served, but failed to serve amended peti-
tion on defendant or give notice thereof, does not amount to
presenting a jurisdictional· question; nor does it amount to
waiver of such question. **Held,** further, that, where it is ap-
parent that the motion was made for sole purpose of challeng-
ing jurisdiction of court, this fact alone renders the appear-
ance special.

5.  **Jurisdiction—Appearance to Challenge—Grounds, Statement of
    Insufficient, Effect, on Special Appearance.**
      Where a party enters an appearance for sole purpose of
    challenging jurisdiction of court, and sets forth sufficient
    grounds, the purpose of such appearance will not be defeated
    merely because other and insufficient grounds are also stated.

Appeal from Circuit Court, Moody County. Hon. JOSEPH W.
JONES, Judge.

Condemnation proceedings by the Chicago, Milwaukee & St.
Paul Railway Company, a corporation, against Grace R. McClel-
land and another, for right of way purposes. From an order
vacating a judgment for plaintiff, it appeals. Affirmed.

*William G. Porter, Ed. L. Grantham,* and *Ira F. Blewitt,* for
Appellant.

*Rice & Rice, for* Respondents.

(4) To point four of the opinion, Appellant cited: Security
Loan & Trust Co. v. Boston & S. R. Fruit Co. (Cal.) 58 Pac.
940; Frazier v. Douglas, (Kan.) 48 Pac. 36; Fiske v. Thorpe,
(Neb.) 84 N. W. 79.

Respondents cited: Code Civ. Proc., Sec. 866; Rogers v.
Penobscot, 28 S. D. 72, 132 N. W. 792; Godfrey v. Valentine,
(Minn.) 40 N. W. 163; Goldy v. Morning, 156 U. S. 518-526,
39 L. Ed. 517-520.

(2) To point two of the opinion, Appellant cited: Appleton
v. The City of Newton, (Mass.) 59 N. E. 648; Code Civ. Proc.,
Secs. 871, 874; Dew v. Cunningham, 28 Ala. 466, 65 Am. Dec.
362.

Respondents cited: Ryan v. Simpson, (S. D.) 132 N. W.
691; First National Bank v. Holmes, 94 N. W. 764; Hollender
v. Wallace, 152 N. Y. S. 647.

(3) To point three of the opinion, Appellant cited: Code
Civ. Proc., Sec. 112, as amended by Laws 1907, Chap. 127.

POLLEY, J. In the exeircse of its power of eminent domain,
the plaintiff instituted this case for the purpose of condemning a

small tract of land, for right of way purposes, belonging to the defendant McClelland.  A petition setting out the nature and purpose of the action was filed in the office of the clerk of the courts as provided for by section 864, C. C. P.  The said defendant is a nonresident, and could not be personally served with summons in this state, but personal service of the summons was made on her in the state of Iowa.  After the summons had been served, the plaintiff filed an amended petition, but neither the original nor the amended petition was ever served on the defendant.  Said defendant defaulted, and, at the expiration of the time for the defendant's appearance as fixed in said summons, a special term of court was called, a jury impaneled, the damage cause defendant by the appropriation of said land was duly assessed, and judgment was entered in favor of said defendant for the amount of damages so assessed.  This amount was tendered to defendant, but refused; and thereafter she entered an appearance in the case and moved the court to vacate and set aside the said judgment on the ground that the court never acquired jurisdiction of the case.  This motion was granted, and, from the order vacating the judgment, plaintiff appeals.

In support of the order appealed from, it is contended by said defendant:  First, that there is no provision of law authorizing the personal service of summons on a defendant without the state in condemnation proceedings; and, second, that if the law does authorize such service to be made without the state, in order to give the court jurisdiction, the complaint must be served along with the summons.

[1] Section 868, C. C. P., authorizes the service of summons by publication on a non-resident in condemnation cases.  Under the provisions of this section, however, it is necessary to file an affidavit stating the facts that necessitate this mode of service and procure an order of publication from the trial court.  This procedure is still necessary, unless the language used in chapter 127, Laws 1907, is broad enough to include cases provided for in said section 868, C. C. P.  Chapter 127, Laws 1907, is an amendment to section 112, C. C. P., and reads as follows:

"Provided, that in any case where service may be made on a defendant, by publication, as provided in this section, the summons

13—Vol. 39, S. D.

and complaint may, at the option of the plaintiff, be in the first instance, served upon the defendant personally without the state, in which event it shall not be necessary to present any affidavit to the court or procure any order for service by publication."

Defendant contends that, as this provision is an amendment of section 112, C. C. P., it has no application to cases provided for by section 868, C. C. P., and that it is still necessary, in any event, to publish the summons in order to get service on a nonresident defendant in condemnation proceedings. With this contention we cannot agree. In the first place, the language used in chapter 127, Laws 1907, is broad enough in itself to include and, in express terms, it does include, any case where service may be made on a defendant, by publication. And in the second place the practice in condemnation proceedings is provided for by section 112, C. C. P., except in the particulars especially provided for by section 868, C. C. P., and, except as modified by section 868, is controlled by section 112, C. C. P., as amended by chapter 127, Laws 1907.

[2] It is next contended by defendant that neither of said statutes was complied with, because the petition was not served with the summons, and for that reason the court did not acquire jurisdiction to proceed in the case. It will be noted, by reference to the statutes, that in all cases where service is to be made on defendant without the state that the complaint must be served with the summons. If the summons is published, then a copy of the complaint must be sent with the summons to the defendant through the mail. If personal service is made after procuring an order directing publication of the summons as provided for by section 112, C. C. P., before it was amended, the complaint must be served with the summons; and where the plaintiff elects to proceed under the amendment by making personal service in the "first instance," the complaint must be served with the summons. So that, in all cases, the complaint must accompany the summons, whether it is sent to the defendant through the mail or served upon him personally.

[3] It is contended by plaintiff that there is no complaint in condemnation proceedings, and that, therefore, the requirements that the complaint be served with the summons does not apply to this class of cases. With this contention we cannot agree. This is placing altogether too limited a construction on the statute.

The petition in a condemnation case serves the same purpose as a complaint in any other case, and is just as essential. In fact the difference between a complaint and a petition, as the words are used in the Code( sections 119 and 864), is in name only. The purpose of either is to furnish the defendant with a "plain and concise statement of the facts constituting" plaintiff's cause of action and the relief demanded. Nothing can or need be stated in either that cannot and need not be stated in the other.

We believe that, where personal service is made on a defendant outside of the state in a condemnation suit that it is essential to the jurisdiction of the court that the petition be served with the summons, and that, unless it is so served, the court does not acquire jurisdiction, and a judgment rendered in such a case is void.

[4] But it is contended by plaintiff that said defendant entered a general appearance in the case when she made her motion, and thereby submitted to the jurisdiction of the court. This contention is based upon the fact that, as one of the grounds for the motion to vacate the judgment, defendant alleges that plaintiff amended its petition after the summons was served, but failed to serve such amended petition on defendant or to give her notice thereof. This, of course, does not present a jurisdictional question. Neither does it amount to a waiver of the question of jurisdiction. It is specifically stated in defendant's notice of motion that her appearance is special and for the purpose of making the motion, and for no other purpose. It is also apparent that the motion was made for the sole purpose of challenging the jurisdiction of the court. This latter fact alone would render the appearance special, even though the defendant had not so stated in her notice. Reedy v. Howard, 11 S. D. 160, 76 N. W. 304; Rogers v. Penobscot M. Co., 28 S. D. 72, 132 N. W. 792, Ann. Cas. 1914A, 1184. Where a party enters an appearance for the sole purpose of challenging the jurisdiction of the court and sets forth one or more sufficient grounds, showing want of jurisdiction, the purpose of such appearance will not be defeated merely because other and insufficient grounds may also be set forth. Driscoll v. Tillman (Wis.) 161 N. W. 795.

The order appealed from is affirmed.