[Civ. No. 5414. Second Appellate District, Division Two.—November 5, 1926.]

LAWRENCE E. PARKER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] CONTEMPT—DISOBEDIENCE OF COURT ORDER—JURISDICTION—PUNISHMENT IN ANOTHER COUNTY.—Where an action has been commenced in the superior court of a given county and, after being duly prosecuted, an order has been made therein directing the defendant to pay a stated sum each month for the support of the minor child of himself and plaintiff, the superior court of that county has exclusive jurisdiction to punish for contempt of its said order, and it is not within the province of the superior court of another county to interfere.

---

(1) 4 C. J., p. 1333, n. 2; 13 C. J., p. 52, n. 11.

1. See 5 Cal. Jur. 923; 6 R. C. L. 520.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from punishing petitioner for contempt in refusing to obey an order of the Superior Court of Orange County.   Writ granted.

The facts are stated in the opinion of the court.

Fred C. Bigby for Petitioner.

Clark & McCall for Respondent.

CRAIG, J.—An action was instituted in the Superior Court of Kern County by Dorothy M. Parker against Lawrence E. Parker, and after being duly prosecuted an order was made by the terms of which the defendant was required to pay the plaintiff each month twenty-five dollars for the support of the minor child of the parties during its minority. Thereafter a proceeding was begun in the Superior Court of Los Angeles County by the filing of a complaint and affidavit, each of which alleged the making of the above-mentioned order by the Superior Court of Kern County, the failure of Lawrence E. Parker to make any payments to Dorothy M. Parker thereunder, and the continuance of the minority of the child of the parties. In addition to these facts the affidavit alleged Parker's failure to make payments was a wilful and contemptuous refusal to obey the order of the court. Upon the filing of the complaint and affidavit, the Superior Court of Los Angeles County issued an order to show cause directed to Parker, and requiring him to appear before it and show cause if any he might have why he should not be punished for contempt. In obedience to this order he appeared in the last-named court, but objected to its proceeding or taking any action against him, on the ground that it had no jurisdiction to hear or determine the cause. Notwithstanding his objections, the court, so it is alleged in the petition now presented to this court, threatens to proceed, and will, unless restrained, determine the matter and the issue presented by the complaint and affidavit filed in the Los Angeles Superior Court, to wit, the alleged contempt of Lawrence E. Parker, for having failed and having refused to obey the order of the Superior Court of Kern County.

It is urged in support of the claim that the Superior Court of Los Angeles County has jurisdiction to proceed in this matter; that since section 416 of the Code of Civil Procedure provides that jurisdiction is acquired by the service of summons, such jurisdiction was obtained when Parker was served with summons in this instance; that the court having acquired jurisdiction, the action being one *in personam,* the court is deemed to have control of all subsequent proceedings, and that under such circumstances, even though the whole matter is within the jurisdiction of the Superior Court of Kern County, there is no objection to a subsequent action in another jurisdiction.

We think the section of the code and cases cited by respondent to the effect that jurisdiction is acquired by the service of summons are inapplicable of the facts of this controversy. Of course, the service of summons gives jurisdiction if the parties and subject matter are so circumstanced that the court may have jurisdiction; but if for any reason the court issuing the summons can have no jurisdiction of the property, as where suit is instituted to quiet title to land situated in another county, the service of summons would obviously have no effect upon the matter of the court's jurisdiction. Nor would the service of summons in an action *in personam* give the court jurisdiction so that one who was not subject thereto would be prevented from declining to have his cause tried in that court. It is too plain for argument that otherwise there would be no opportunity for an objection to the court's lack of jurisdiction to be raised or considered. In the instant case the petitioner appeared only for the limited purpose of objecting to the court's jurisdiction, and therefore cannot be said to have waived his right to make such objection. **[1]** The Superior Court of Kern County has full power to punish for contempts of its orders. Having such power, it is not within the province of another court of concurrent jurisdiction to interfere. This elementary principle was stated in *Otis* v. *Superior Court,* 148 Cal. 129, 130 [82 Pac. 853], as follows: "Every court is the exclusive judge of its own contempts, and its judgment is subject to review only upon the point of jurisdiction." The same principle is stated in *Dungan* v. *Superior Court,* 149 Cal. 98 [117 Am. St. Rep. 119, 84 Pac. 767], although the subject being dealt with was not one of contempt. If the

Superior Court of Los Angeles County has authority to punish for contempt of the order of the Superior Court of Kern County, it also has authority to relieve from such contempt, or to modify the order. These are matters exclusively within the province of the court which tried the case, and still retains jurisdiction of such subsequent proceedings as may be required.

This is really an abortive attempt to institute an action. Until the affidavit and complaint were filed there was no proceeding in the Superior Court of Los Angeles County. The complaint contains no material facts in addition to those stated in the affidavit. The whole proceeding is really nothing more than would be necessary to bring the defendant to account before the Superior Court of Kern County in an effort to compel him, under contempt proceedings, to obey the judgment of that court. The filing of the complaint in Los Angeles County adds nothing to the proceeding by way of giving it the quality of a suit at law. It is nothing more than a citation of the Superior Court of Los Angeles County to enforce the judgment of the Superior Court of Kern County. The entire matter is within the exclusive jurisdiction of the latter county.

The peremptory writ of prohibition will issue.

Works, P. J., and Thompson, J., concurred.