Allen, J.
 

 The plaintiff in error claims that the Court of Appeals erred in dismissing the petition in error in that court, upon the grounds: (1) That the motion of the defendant in error to dismiss the petition in error was not signed or verified by the defendant in error or his attorney; (2) that the motion did not raise the question of the sufficiency of the waiver of the summons in error; and (3) that the judgment was contrary to law.
 

 The record does show that the motion of the defendant in error was not signed or verified by the defendant in error or his attorney. However, the
 
 *524
 
 record fails to show that this question was raised in the Court of Appeals, and hence the objection was waived by the plaintiff in error, and is overruled.
 

 Does the motion raise the question of the sufficiency of the waiver of the summons? The motion reads as follows:
 

 “Now comes the defendant in error, appearing especially for the purpose of this motion only, and not desiring in any way to enter his appearance herein, and moves the court for an order dismissing the alleged petition in error, for the following reasons, to wit:
 

 “ (1) That the purported petition in error docketed in this cause is a pleading filed in case No. 54487, Summit county court of common pleas.
 

 “(2) That the alleged petition in error was not filed on February 23, 1926, as will more fully appear by reference to the records in this case.
 

 “ (3) That no service of summons has been had on the defendant in error.
 

 “(4) That this cause has not been regularly docketed and numbered.
 

 “(5) That the purported dates of filing are not in fact the dates on which said pleadings were filed.
 

 “Attorneys for Defendant in Error.”
 

 We think that the motion does raise the question of the sufficiency of the waiver, for it specifically states that no service of summons has been had on the defendant in error. Now, if the waiver was sufficient, no service of summons was necessary; that is, if the waiver entitled in the court of common pleas constituted, under the circumstances set out in the record, a waiver of summons in the Court
 
 *525
 
 of Appeals, then it was not necessary that summons he served upon the defendant in error, and the motion to dismiss should have been overruled.
 

 The motion was heard in the Court of Appeals upon certain affidavits. The affidavit of the deputy clerk of the common pleas court stated in substance that Lewis A. Seikel, attorney for the plaintiff in error, after February 23, 1926, corrected the caption of the petition in error, and substituted the heading “Court of Appeals,” at which time the petition in error was stamped and filed in the Court of Appeals as of February 23,' 1926, and was duly filed therein and within the time required by law,, and that some time thereafter the case was numbered No. 1149%, and docketed on the lower half of case No. 1149.
 

 The affidavit of Lewis A. Seikel, attorney for plaintiff in error, so far as material here, stated that prior to the time the petition in error was filed he delivered a copy thereof to Irwin D. Allen, attorney for the defendant in error, at which time Allen signed a waiver of service at the bottom of the petition in error; that affiant informed Allen that the same was a copy of the petition in error which was being filed in the Court of Appeals, and considerable discussion took place at that time relative to filing a petition in error in the Court of Appeals; that later Seikel, in the presence of the clerk of the Court of Appeals, changed the caption of the petition in error by striking out the words “In the Court of Common Pleas” and substituting therefor “In the Court of Appeals,” and that at that time the filing clerk of the Court of Appeals marked and stamped the petition in error as filed
 
 *526
 
 in the Court of Appeals on February 23, 1926; .that on October 27, 1926, Irwin D. Allen, the attorney for the defendant in error, signed a receipt attached to the brief of plaintiff in error in support of the petition in error, acknowledging receipt of a copy of such brief.
 

 In support of his contention that the judgment of the Court of Appeals was contrary to law, the plaintiff in error urges that the attorney for the defendant in error consented to a waiver in the Court of Appeals, and that therefore no service of summons was necessary. It is also his contention that the attorney for the defendant in error consented to the change in the caption. This fact he deduces from the admitted circumstance that the attorney for the defendant in error, when the waiver was presented to him, did understand that the petition in error was to be filed in the Court of Appeals. He does not claim that any express consent was given for the change.
 

 It is to be observed in the first place that it was the fault of the plaintiff in error that the caption was not correct, and that the petition in error was filed in the wrong court. The pleading was prepared in the office of the attorney for plaintiff in error, and filed by his agent.
 

 Section 12260, General Code, provides that:
 

 “The defendant in error, or his attorney, may waive in writing, the issue or service of the summons.”
 

 Does the signing of a waiver on a petition in error entitled in the court of common pleas constitute a written waiver of the issue and service of summons in the Court of Appeals? We think that
 
 *527
 
 it does not. At the time the written waiver was signed the petition in error was not, and did not on its face purport to be, a petition in error in the Court of Appeals and at that time the written waiver thereon was not, and did not on its face purport to be, a waiver of service of summons in the Court of Appeals.
 

 Having failed to secure a waiver in the proper court, and having filed his pleading in the wrong court, the attorney for the plaintiff in error then changed the caption. He could have secured the consent of the court in which the petition in error had already been filed to withdraw the pleading and could have then filed it in the Court of Appeals. He secured no such consent, but simply changed the caption by inserting the name of an entirely different court, and, in order to make the filing appear as of the day when the pleading had been filed in the common pleas court, the petition in error was filed under a half number, ' and inserted between the two numbers of cases already filed. This action was not taken with intent to deceive; but the sanction of such action on the part of attorneys would open the door to endless abuse in the unauthorized change of records by attorneys and clerks. The attorney for the plaintiff in error had no authority from the court to withdraw the pleading, to amend the caption, or to change the court records by insertion of the case under a half number. Changes in the record of a court may be made only upon order of such court, authorizing such changes. He could have filed a petition in error and could have served summons thereon in the Court of Appeals when he learned' of the mistake in the caption; but this was never done.
 

 
 *528
 
 The plaintiff in error, however, claims that on October 27, 1926, the defendant in error accepted and signed a receipt for a brief filed by the plaintiff in error in support of the petition in error, after the purported filing of the petition in error in the Court of Appeals, and claims that this constitutes a voluntary appearance of the defendant in error in the error case. He also claims that the filing of the motion to dismiss constituted a voluntary appearance by the defendant in error.
 

 As to what constitutes a general appearance, it is sometimes stated in broad terms that any action on the part of the defendant except to object to the jurisdiction of his person, which recognizes the case as in court, will constitute a general appearance.
 
 4
 
 Corpus Juris, 1333.
 

 A better statement of the rule is that a general appearance must be express or must arise by implication from the defendant seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only.
 
 Fulton
 
 v.
 
 Ramsey,
 
 67 W. Va., 321, 68 S. E., 381, 140 Am. St. Rep., 969.
 

 An examination of the cases cited to the text of 4 Corpus Juris, 1333, shows that the statement above quoted from that authority is far too broad, and that the action which was held in the cases cited to constitute entry of an appearance was affirmative action on the part of the defendant which appeared upon the record or in the proceedings before the court, such as procuring a stay of execution, an appearance by a garnishee through his attorney, a consent to adjournment, a motion to
 
 *529
 
 amend the return of summons, the giving of notice and taking of depositions, the service upon the plaintiff of interrogatories regularly entitled in the cause by the defendant, the filing of a general demurrer, testifying as a witness in defendant’s own behalf, giving bail, filing a petition praying that the case be opened and reheard on the facts by one not served, execution of a redelivery bond, a motion for change of venue, signing of recognizance, motion to file and use transcript in appeal cases, and acts of the same similar affirmative character.
 

 But did the mere acceptance and signing of a receipt for a brief constitute a voluntary appearance? Obviously such action was in no way detrimental to the plaintiff in error, and could not possibly mislead him.
 

 The acceptance of the brief and giving receipt therefor is analogous to acceptance of notice or service. It has been held that acceptance of notice to take depositions by a party not served with process does not amount to appearance in the suit or action.
 
 White
 
 v.
 
 White,
 
 66 W. Va., 79, 66 S. E., 2, 24 L. R. A., (N. S.), 1279, 135 Am. St. Rep., 1013.
 

 In
 
 Honeycutt
 
 v.
 
 Nyquist, Petersen & Co.,
 
 12 Wyo., 183, 74 P., 90, 109 Am. St. Rep., 975, it was decided that an acceptance of service by defendant’s attorney of a motion for an order to sell property attached in the suit did not constitute a general appearance of defendant not properly served with summons so as to give the court jurisdiction.
 

 Although there is no authority upon this precise point in the state of Ohio, we think that the acceptance of the brief did not amount to such affirmative action as to constitute a general ap
 
 *530
 
 pearance. Moreover, the motion to dismiss the petition in error specifically stated that the defendant in error was appearing especially for the purpose of the motion only, and not desiring in any way to enter his appearance, and hence the last contention of the plaintiff in error is overruled, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson and Matthias, JJ., concur.