ROBINSON, Respondent, v. GLOVER, et al, Appellants.

(244 N. W. 322.)

(File No. 7430. Opinion filed September 27, 1932.)

*Chas. S. Eastman* and *G. C. Caylor*, both of Hot Springs, for Appellants.

*W. J. Hooper*, of Gregory, for Respondent.

CAMPBELL, P. J. A previous appeal in this cause was dismissed. See same title, 59 S. D. 332, 239 N. W. 848, where the facts are quite fully stated. Appellants have now taken and perfected a proper appeal from the final judgment of May 11, 1931, mentioned in the previous opinion and the matter is before us on the merits.

The sole question necessary for decision is whether or not the attempted special appearance of appellants in the court below in fact constituted a general appearance sufficient to give the court jurisdiction over the persons of appellants. Respondent in her brief concedes that jurisdiction had not previously been acquired by proper service of process.

The language of the appearance in question was as follows:

"Special Appearance and Objection to Jurisdiction of Court.

"Come now the defendants in the above-entitled action, appearing specially, and for no other purpose, and object to the jur-

isdiction of the court to try and determine said action, on the grounds and for the reasons:

"First: That the defendants are non-residents of the state of South Dakota, and as alleged in the complaint in said action, the cause of action arose in the state of Nebraska and said complaint does not state facts sufficient to give the court jurisdiction of the defendants nor of the subject of the action.

"Second: That no legal service of the summons or complaint in this action was ever made or had on the defendants or any of them, either as individual defendants or as persons constituting the Merriman Grain Company, as in said complaint alleged."

Respondent contends that this appearance, though denominated special, was in fact general because it questioned not only the jurisdiction of the court over the persons of defendants but also the jurisdiction of the court over the subject-matter of the action. Respondent maintains that this challenge to the jurisdiction over the subject-matter is not well taken, and amounts to a voluntary appearance equivalent to the service of process so far as concerns jurisdiction over the person. That the court did in fact have jurisdiction over the subject-matter of this action is apparent beyond possibility of argument.

■■ The matter of special appearance has been before this court in quite a number of cases, among which may be mentioned the following: Benedict v. Johnson (1893) 4 S. D. 387, 57 N. W. 66; Mars v. Oro, etc., Mining Co (1895) 7 S. D. 605, 65 N. W. 19; Lower v. Wilson (1896) 9 S. D. 252, 68 N. W. 545, 62 Am. St. Rep. 865; Reedy v. Howard (1898) 11 S. D. 160, 76 N. W. 304; Houser v. Nolting (1899) 11 S. D. 483, 78 N. W. 955; Ramsdell v. Duxberry (1903) 17 S. D. 311, 96 N. W. 132; State ex rel v. Duluth, etc., Ry. (1910) 25 S. D. 106, 125 N. W. 565; Rogers v. Penobscot Mining Co. (1911) 28 S. D. 72, 132 N. W. 792, Ann. Cas. 1914A, 1184; Crisp v. Gochnour (1914) 34 S. D. 364, 148 N. W. 624; C., M. St. P. Ry. Co. v. McClelland (1917) 39 S. D. 191, 163 N. W. 675; Mitchell v. Morgan (1922) 45 S. D. 138, 186 N. W. 568. To analyze each case would not be profitable. The general rule deducible therefrom is not dissimilar to that prevailing in other jurisdictions. These cases announce that an apperance for the sole purpose of challenging jurisdiction over the

person is special; that if the appearance in fact is special it need not be so christened, and on the other hand, if it amounts to more than a special appearance, calling it a special appearance will not prevent it from being a general appearance; that the test is the relief asked, in determination of which the court will look to the substance rather than the form; and that the real question is whether there is a submission to the power of the court or an active invocation of its power on nonjurisdictional matters.

We seem never to have passed upon the precise question of whether an objection to the jurisdiction of the court over the subject-matter of the action is, in and of itself, sufficient to render an attempted special appearance general. Respondent so maintains and cites 4 C. J. 1333, reading as follows: "Broadly stated, any action on the part of a defendant, except to object to the jurisdiction over his person which recognizes the case as in court, will constitute a general appearance. Thus a party makes a general appearance by objecting to the jurisdiction of the court over the subject-matter of the action, whether the objection is made by a motion or by formal pleading."

Undoubtedly this is the rule in some states. See O'Hara v. Davis (1923) 109 Neb. 615, 192 N. W. 215. See, also, Breen v. Breen (1913) 14 Ohio N. P. (N. S.) 219. Whether this rule still prevails in Ohio is perhaps open to question. See Rice & Co. v. Pike (1927) 117 Ohio St. 521, 160 N. E. 90. In any event, the rule is not universal. See Parker v. Sup. Ct. (1926) 79 Cal. App. 618, 250 P. 587. In Patton v. Eicher (1920) 85 W. Va. 465, 102 S. E. 124, 125, Lynch, J., discussing this question, said:

"However, the defendants did not so restrict their motion, but broadened it to include also a challenge to the jurisdiction of the court over the cause of action. Many cases hold that a defendant may appear specially only for the purpose of denying the court's jurisdiction over his person, and that, if he also challenges its jurisdiction over the cause of action, he waives want of service and enters a general appearance in the cause and submits himself to the personal jurisdiction of the court. 4 C. J. 1333, note 2, and cases cited.

"We are not disposed, however, so to limit the right of a defendant. When he challenges the jurisdiction of the court over

the cause of action, he is taking no step involving the merits of the case, none bearing any substantial relation to the cause. His objection is merely preliminary. He has not assumed the role of actor in the cause as yet, the test recently adopted by the United States Supreme Court in Merchants' Heat & Light Co. v. Clow, 204 U. S. 286, 27 S. Ct. 285, 51 L. Ed. 488, for he merely questions the right of the court to proceed with its hearing of the cause. A court acquires personal jurisdiction over a defendant only by service of its process upon him summoning him to appear, or by his voluntary general appearance in the absence of service. Respecting the latter this court has said:

" 'A general appearance must be express or arise by implication from the defendant's seeking, taking or agreeing to some step or proceeding in the cause, beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only.' Fulton v. Ramsey, 67 W. Va. 321, pt. 3, Syl., 68 S. E. 381, 140 Am. St. Rep. 969.

"In view of these facts, it cannot fairly be said that defendants have entered a general appearance in the cause such as subjects them to the personal jurisdiction of the court. One of the purposes of their special appearance was to deny such personal jurisdiction over them. The part of the motion challenging the court's jurisdiction over the cause of action, though not well founded, was likewise preliminary and jurisdictional, involving the right of the court to sit in such a cause. There was no conduct on their part from which could be inferred or implied a recognition of the jurisdiction of the court over them. Every action contradicted it. Hence we hold that their appearance was special, not general, and that they did not submit themselves to the personal jurisdiction of the court. Citizens' Savings & Trust Co. v. Ill. Cent. R. Co., 205 U. S. 46, 27 S. Ct. 425, 51 L. Ed. 703."

With this reasoning of the West Virginia court we are inclined to agree.

It is a little difficult in the present case to understand just what question was sought to be raised by the first paragraph of appellants' appearance. It is quite apparent that appellants meant and intended to limit themselves to a special appearance as distinguished from a general appearance. Assuming that such

first paragraph amounted to an objection to the jurisdiction of the court over-the subject-matter, we do not believe that such objection, standing alone, should be held sufficient to convert an attempted special appearance of appellants into a general appearance (contrary to their expressed intention and against their will) sufficient to give the court jurisdiction over them personally for all purposes of the action. This is particularly true in view of the fact that appellants were residents of the state of Nebraska where personal service upon them was attempted, supported by garnishment in this state, as a result of which, even if the service in Nebraska had been regular and proper, no judgment could have been obtained against the appellants which would be binding upon them to any greater extent than the value of the property in South Dakota (if any) owned by them and reached by the garnishment.

We are therefore of the opinion that the learned trial judge erred in holding that the appearance of the appellants was in fact and in law a voluntary general appearance sufficient to support a personal judgment against them, and the judgment appealed from is reversed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.