#25694-rev & rem-SLZ
**2011 S.D. 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

SPISKA ENGINEERING, INC.,                    Plaintiff and Appellee,

      v.

SPM THERMO-SHIELD, INC.,                    Defendant and Appellee,

    and

IN THE MATTER OF ARBITRATION
BETWEEN SPISKA ENGINEERING, INC.
and SPM THERMO-SHIELD, INC.,

    and

JOSEPH RAVER,                    Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JEFF W. DAVIS
Judge

* * * *

MICHAEL C. LOOS of                    Attorneys for plaintiff
Clayborne, Loos & Sabers, LLP          and appellee Spiska
Rapid City, South Dakota               Engineering, Inc.

DENNIS C. WHETZAL                      Attorney for receiver
Rapid City, South Dakota               and appellee SPM
                                       Thermo-Shield, Inc.

BRAD J. LEE of
Beardsley, Jensen & Von Wald, Prof. LLC    Attorneys for appellant
Rapid City, South Dakota                   Joseph Raver.

* * * *

ARGUED ON MARCH 22, 2011
OPINION FILED **05/25/11**

#25694

ZINTER, Justice

[¶1.]          Plaintiff-Appellee Spiska Engineering, Inc. (Spiska) commenced an action for breach of contract against Defendant-Appellee SPM Thermo-Shield, Inc. (Thermo-Shield). Following a number of proceedings and appeals relating to arbitration of the dispute, an arbitration award was confirmed and Spiska obtained a money judgment against Thermo-Shield. A receiver was subsequently appointed to satisfy the judgment by liquidation of Thermo-Shield's assets. Appellant Joseph Raver was not a party in these proceedings. However, the receiver mailed Raver a motion and notice of intent to sell Thermo-Shield's assets, and Raver objected to the sale. Following a hearing, the circuit court denied Raver's objection and approved the sale. Although injunctive relief was not an issue at that hearing, the receiver included language in his proposed findings and conclusions permanently enjoining Raver from competing with Thermo-Shield. The circuit court adopted the receiver's proposed injunctive language in its final order. Raver now appeals the award of injunctive relief. We reverse because we conclude that the circuit court never acquired *in personam* jurisdiction to enjoin Raver.

*Facts and Procedural History*

[¶2.]          In 2007, this Court affirmed a circuit court's confirmation of Spiska's arbitration award of $4,999,257 against Thermo-Shield. *See Spiska Eng'g, Inc. v. SPM Thermo-Shield, Inc.*, 2007 S.D. 31, ¶¶ 1, 5, 730 N.W.2d 638, 641, 642. The award was based on Thermo-Shield's wrongful termination of Spiska's European contracts involving the use of ceramic coatings. *Id.* ¶¶ 2, 5. Following confirmation of the arbitration award, discovery was conducted to enforce the judgment. Raver,

Thermo-Shield's sole shareholder, president and CEO, was deposed. Raver disclosed that he had personally sold certain product formulae and rights to manufacture and market Thermo-Shield's products in return for a twenty percent share in a German corporation. It is undisputed that the product formulae were at one time (and possibly still are) closely-guarded trade secrets. There is also no dispute that the product formulae, as well as all rights associated with the products, belonged to Thermo-Shield rather than Raver. Nevertheless, Spiska never asserted any kind of personal claim against Raver in this action.

[¶3.] On May 30, 2007, the circuit court appointed a receiver over Thermo-Shield. The receiver was charged with the duty of identifying, compiling, and selling Thermo-Shield's assets to satisfy Spiska's judgment. The receiver later identified a purchaser of the assets, negotiated a proposed purchase agreement, and moved the circuit court for approval of the sale.

[¶4.] On April 12, 2010, the receiver sent Raver and other potentially interested persons a Motion to Approve Sale and Notice of Hearing. The motion and notice were sent by U.S. mail. The motion did not assert a claim for injunctive relief against Raver. The motion and notice simply identified the terms of the proposal and gave recipients an opportunity to object or waive their right to object to the sale and disposition of the proceeds. Pursuant to that motion and notice, Raver filed an objection claiming that the proposed sale failed to allocate a portion of the proceeds to satisfy a personal loan of $48,659.80 he allegedly made to Thermo-Shield. Raver appeared through counsel to preserve his objection at the hearing on the receiver's motion to approve the sale. At the conclusion of the

hearing, the circuit court granted the receiver's motion to sell Thermo-Shield's assets. The court awarded no injunctive relief against Raver.

[¶5.] Although no claim for injunctive relief had been sought or awarded at the hearing, language awarding injunctive relief appeared in the receiver's proposed findings of fact, conclusions of law, and order approving the sale. Raver timely objected to that language arguing that procedurally, injunctive relief had not been "addressed in the [receiver's] motion, briefed by any party, [or] addressed at the hearing." Raver contended that it would be an injustice to grant the proposed injunction "without taking any evidence, and with no record, establishing that the [assets at issue] constitute[d] a trade secret or a protectable right of Thermo-Shield." Raver objected substantively on the ground that there had been "no determination [as to which of the] information constitute[d] trade secrets or information gleaned from a confidential relationship," that he had "no intention of using Thermo-Shield['s] formula in any manner that would prejudice the potential buyer's rights," and that "the language in the proposal amount[ed] to a permanent covenant not to compete against Raver that span[ned] the entire world." Raver finally raised the issue of a lack of *in personam* jurisdiction. Raver noted that the proposed findings and conclusions sought "to limit Joe Raver when he is not even a party to this lawsuit." Raver pointed out that if there was concern that he had "done, or is doing, something that [was] prejudicing . . . rights [in the assets, a] petition [should be filed with] the appropriate court for relief[.]"[1]

---

1.    The transcripts of the hearing on the request to sell assets and the hearing on the objections to the proposed findings, conclusions and order are not

                                                                (continued . . .)

[¶6.] The circuit court overruled Raver's objections and adopted the receiver's proposed findings, conclusions, and order. One part of the order provided: ". . . Mr. Raver may not obtain an ownership interest in, or serve in a management capacity with any company that manufactures ceramic coatings or paint products[,] which in any way competes with SPM Thermo-Shield, Inc. or any successor to its assets." Raver appeals this provision alleging that the circuit court did not have *in personam* jurisdiction to grant injunctive relief. Raver also contends that the terms of the injunction are unreasonable and an unlawful restraint of trade in violation of SDCL 53-9-8.

*Decision*

[¶7.] We begin by considering the circuit court's *in personam* jurisdiction to grant the permanent injunction. Issues regarding a court's jurisdiction are questions of law that are reviewable de novo. *Grajczyk v. Tasca*, 2006 S.D. 55, ¶ 8, 717 N.W.2d 624, 627.

[¶8.] "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969). "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, [a court] has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *SEC v. Ross*,

_____

(. . . continued)

included in the record on appeal. Consequently, our review is restricted to the written documents filed in connection with both hearings.

504 F.3d 1130, 1138-39 (9th Cir. 2007) (considering a receiver's unsuccessful attempt to exercise jurisdiction over money held by a nonparty who had allegedly violated securities laws but had not been personally served or named in a summons and complaint).

[¶9.]     In this case there is no dispute that Raver was not designated as a party. Furthermore, although the receiver mailed Raver a copy of the notice of hearing on the motion for approval of the sale, that mailing was not sufficient to commence an action against Raver. *See* SDCL 15-6-3 ("A civil action is commenced as provided in §§ 15-2-30 and 15-2-31."); SDCL 15-2-30 ("An action is commenced as to each defendant when the summons is served on him[.]"); SDCL 15-6-4(d)(8) (providing that a summons shall be served by delivering a copy to the defendant personally). Therefore, the circuit court did not acquire *in personam* jurisdiction to adjudicate a personal claim against Raver in this breach of contract action between Spiska and Thermo-Shield. *See Marin v. Titus*, 23 S.D. 553, 122 N.W. 596, 596-97 (1909) (stating that a circuit court acquires jurisdiction through the proper service of a summons).

[¶10.]     Appellees, however, argue that Raver waived any objection to personal jurisdiction and insufficient service of process. They first contend that Raver waived those objections by failing to file a motion to dismiss. Personal jurisdiction and insufficiency of service of process are defenses that may be waived. *Grajczyk*, 2006 S.D. 55, ¶ 9, 717 N.W.2d at 627. "SDCL 15-6-12(h)(1) provides that the defenses are waived if they are not included in a motion under the

circumstances provided in SDCL 15-6-12(g) or in a responsive pleading[.]" *Id.*[2] But Raver made no Rule 12 motion that would have required the inclusion of a motion to dismiss for lack of personal jurisdiction and service of process under the circumstances described in SDCL 15-6-12(g).[3] Furthermore, no party filed any "pleading" against Raver to which a responsive pleading was permitted. *See* SDCL 15-6-7(a) and 15-6-12(a) (enumerating the pleadings and responsive pleadings permitted under the Rules of Civil Procedure). The issue of injunctive relief was only raised in proposed findings of fact and conclusions of law after the hearing. Therefore, Raver had no SDCL 15-6-12(h)(1) obligation to file a Rule 12 motion or responsive pleading asserting insufficiency of service and lack of personal jurisdiction. Moreover, upon receiving the proposed findings and conclusions first asserting a claim for injunctive relief, Raver timely filed written objections asserting that the proposals were improper because he was not a party in this

---

2. SDCL 15-6-12(h)(1) provides:

> A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion . . . described in § 15-6-12(g), or (B) if it is neither made by motion under § 15-6-12 nor included in a responsive pleading or an amendment thereof permitted by § 15-6-15(a) to be made as a matter of course.

3. SDCL 15-6-12(g) provides:

> A party who makes a motion under § 15-6-12 may join with it any other motions herein provided for and then available to him. If a party makes a motion under § 15-6-12 but omits therefrom any defense or objection then available to him which § 15-6-12 permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision 15-6-12(h)(2) on any of the grounds there stated.

action.  We conclude that Raver did not waive his personal jurisdiction defenses by failing to move to dismiss.

[¶11.]        Appellees also contend that Raver waived these defenses by filing an objection to the sale and appearing before the court on that objection.  In determining whether an appearance constitutes submission to *in personam* jurisdiction, we look to the relief requested and "the real question is whether there is a submission to the power of the court or an active invocation of its power on nonjurisdictional matters." *Grajczyk*, 2006 S.D. 55, ¶ 12, 717 N.W.2d at 628.

[¶12.]        At the time Raver appeared on his objection to the sale, there were no nonjurisdictional issues remaining before the circuit court other than the sale of Thermo-Shield's assets.  No claim for injunctive relief had been asserted.  Further, Raver's appearance on his objection was not a voluntary submission to the court's power to litigate a personal claim against him.  He appeared only because he had been given notice by mail that he risked loss of the right to object to the sale of Thermo-Shield's assets unless he filed an objection.  Finally, no claim for injunctive relief was ever litigated.  The claim for injunctive relief first arose after the hearing when the receiver proposed findings and conclusions relating to the sale.  Under these circumstances, it was not foreseeable that Raver's objection to the sale could constitute consent to personal jurisdiction to litigate a claim that Raver should be enjoined for violating the Trade Secrets Act.  We conclude Raver cannot be deemed to have submitted to or invoked the court's power to litigate any issue other than the receiver's disposition of Thermo-Shield's assets.

[¶13.]     Thermo-Shield and Spiska mistakenly rely on *Robinson v. Glover*, 60 S.D. 270, 244 N.W. 322 (S.D. 1932); *Matter of J.W.W.*, 334 N.W.2d 513 (S.D. 1983); and *In re: Guardianship and Conservatorship of Miles*, 2003 S.D. 34, 660 N.W.2d 233. In *Robinson* and *J.W.W.*, the plaintiff had actually commenced an action against the party contesting jurisdiction. *See Robinson*, 244 N.W. at 323 (referencing the underlying appeal of *Robinson v. Glover*, 59 S.D. 332, 239 N.W. 848 (1931), which reflected that an action seeking the relief requested had been commenced); *J.W.W.*, 334 N.W.2d at 515 (involving a case where a summons and complaint seeking termination of parental rights had been served by publication). Because those were cases in which an action had been properly commenced, it was foreseeable that the responding parties would waive jurisdictional defenses by voluntarily appearing.

[¶14.]     *Miles* is also inapposite. In *Miles*, a trust beneficiary's guardian and conservator filed an annual accounting, and a nonresident trustee filed a "special appearance" to object to the accounting. 2003 S.D. 34, ¶¶ 6-8, 660 N.W.2d at 235. The circuit court approved the accounting and also ordered the conservator to make a demand on the trustee for funds beyond the income that the South Dakota beneficiary normally received. *Id.* ¶ 8. Notwithstanding the special appearance, we held that the circuit court had personal jurisdiction over the trustee to order such payments because the trustee voluntarily appeared, testified concerning trust matters, negotiated payment of trust funds to the trustee, requested the court to act on other matters regarding the trust, sent interrogatories to the guardian, and litigated payment of funds in his trustee capacity. *Id.* ¶¶ 40-41, 45. In contrast,

Raver did not invoke the powers of the court for any purpose other than to respond to the receiver's request for objections to the proposed sale. Raver's limited response was not analogous to the voluntary invocation of numerous court powers in *Miles*.

[¶15.]     This case is more analogous to *Ross*, 504 F.3d 1130. In that case, the SEC commenced a civil enforcement action against Alpha Telecom for violations of federal securities statutes. *Id.* at 1133. A receiver was appointed to preserve and manage Alpha Telecom's assets. *Id.* The receiver subsequently filed a motion to disgorge commissions on sales of unregistered securities made by Alpha Telecom's sales agents. *Id.* at 1133-34. However, the receiver did not commence an action against the agents or personally serve them with the motion. The receiver merely sent the nonparty agents a notice of hearing by first-class mail. *Id.* at 1135. The district court found that it had jurisdiction over the agents because disgorgement related to receivership matters pertaining to the company's assets, and the court entered judgment ordering disgorgement from individual nonparty agents. *Id.* at 1136. The agents appealed alleging a lack of personal jurisdiction and insufficiency of proper service of process. *Id.* at 1137.

[¶16.]     The Ninth Circuit reversed noting that "service of process is the means by which a court asserts its jurisdiction over the person." *Id.* at 1138. The court concluded that *in personam* jurisdiction could not be obtained by merely naming the agents in a motion. *Id.* at 1140-41. The court further concluded that there was no jurisdiction because the receiver "never filed a complaint and never named [the

-9-

agents] as a party. In other words, [there was no jurisdiction because] the Receiver never commenced an action against [the agents.]" *Id.* at 1140.

[¶17.]     The court also rejected the argument that jurisdiction existed because the agents were exercising rights over receivership assets as nominal defendants.[4] *Id.* at 1141-42. Although a "mere custodian" of assets may only be entitled to simple notice and an opportunity to be heard, a person alleged to be dealing with receivership assets as a result of that person's violation of law "must be treated as any other defendant and afforded process of law." *Id.* at 1142. The court explained that the Constitution does not permit a receiver to use a "nominal defendant designation to deprive one whose only plausible basis for liability is a violation of [an act] of either his right to full and formal service of process or his right to fully litigate the question of his own liability under the [act allegedly violated]." *Id.* Similarly, the Constitution does not permit a receiver to use his ancillary power over assets where the case involves more than the mere "determination of who is entitled to possession of the funds." *Id.* at 1144. Because that receiver was seeking an adjudication of the agents' personal liability, "full *in personam* jurisdiction" was required. *Id.*

---

4.     "A nominal defendant is not a real party in interest because he 'has no legitimate claim to the disputed property.'" *Id.* at 1141 (quoting *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)). *See also SEC v. Cherif,* 933 F.2d 403, 414 (7th Cir. 1991) (stating that a nominal defendant "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute" and is not a real party in interest because "he has no interest in the subject matter litigated").

[¶18.] In this case Spiska and the receiver's basis for injunctive relief is their contention that Raver violated South Dakota's Trade Secrets Act.[5] However, like *Ross*, neither Spiska nor the receiver commenced an action or served Raver with a pleading alleging that violation of law and requesting that relief. Furthermore, because the issue of injunctive relief was never raised until after the hearing, Raver was never given an opportunity to litigate whether he improperly appropriated trade secrets within the meaning of the Trade Secrets Act. Raver was certainly never afforded an opportunity to litigate Spiska and the receiver's current claims that the injunction was warranted because the formulae at issue were trade secrets, an injunction was necessary to eliminate commercial advantage, an injunction was warranted under the inevitable disclosure doctrine, and the length and terms of the injunction were reasonable.

[¶19.] Under these circumstances, we conclude that the circuit court never acquired *in personam* jurisdiction to grant injunctive relief against Raver. Because we reverse that portion of the judgment granting injunctive relief, we need not consider Raver's alternative contentions that the terms of the injunction were unreasonable and an unlawful restraint of trade.

[¶20.] Reversed and remanded for further proceedings consistent with this opinion.

---

5. Spiska and the receiver cite SDCL 37-29-2(a) (allowing an injunction for actual or threatened misappropriation of trade secrets and for an additional reasonable period of time after a trade secret has ceased in order to eliminate commercial advantage) and SDCL 37-29-2(c) (allowing affirmative action by court order to protect trade secrets).

#25694

[¶21.]     GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY, and SEVERSON, Justices, concur.