No. 17496—Ernest Joseph Lemieux v. Walter J. Kounutz, guardian. Error to the Court of Appeals of Lucas county.

**JUDGMENT—Proceedings to set aside, three day period not a limit.**

MARSHALL, C. J.:

A proceeding to set aside a judgment on the ground of irregularity in taking and entering the judgment is not limited to the period within the first three days of the succeeding term.

Judgment reversed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## OPINIONS

No. 181
STATE ex rel. v. CARREL, Auditor
Ohio Supreme Court
No. 17166, Sept. 29, 1921
This opinion has not been published except in Abstract.

**REFERENDUM—Sufficiency of signatures to petition for.**

BY THE COURT:
Epitomized Opinion

1. Schultz seeks a writ of mandamus commanding Carrel to certify petitions for referendum to the Board of Deputy State Supervisors and Inspectors of Elections. From a consideration of the findings of the master herein appointed, the Supreme Court held:

1. There was not a sufficient number of valid signatures attached to the various petitions to authorize the referendum sought. Writ denied.

**Attorneys**—E. G. Frankenstein, for Schultz; Saul Zielonka, for Carrel.

No. 182
COCHRAN v. STATE
Ohio Supreme Court
Nos. 17371 to 17374, July 5, 1922
This opinion has not been published except in Abstract.

**INTOXICATING LIQUORS—(1) Right to trial by jury—(2) Competency of evidence obtained under ordinary search warrant—(3) Necessity of search warrant.**

BY THE COURT:
Epitomized Opinion
Error to Court of Appeals, Columbiana County

Four cases were argued and submitted together, all involving the possession of intoxicating liquors in violation of 6212-15 GC. All four were convicted and conviction affirmed by the Court of Appeals. Cochran prosecutes error on the ground that he was denied the right of trial by jury which he demanded and because the conviction was made upon evidence obtained by the use of search warrants issued upon affidavits that "affiant believes and has good cause to believe," etc. The affidavit employs the precise language provided in 13483 GC. and substantially the same language in force in Ohio since 1837. The question is raised of the sufficiency of an affidavit based on information and belief in making out probable cause as provided in Sec. 14, Art. 1, of the Ohio State Constitution.

Held by the Supreme Court in affirming the Court of Appeals:

1. The right of trial by jury obtains only where, by provision of the statute claimed to have been violated, a sentnce of imprisonment may be imposed. Where the penalty imposed is merely a fine, the right as guaranteed by the constitution does not apply.

2. Determination of probable cause is a matter for the magistrate issuing the search warrant and such finding may properly be based upon an affidavit of "belief and good cause for belief." Such an affidavit satisfies the constitutional requirement for probable cause and evidence obtained by the use of such a search warrant was competent.

3. No search warrant is required when an officer in the proper exercise of his duty makes an arrest and discovers upon the prisoner the intoxicating liquors.

**Attorneys**—Lones, Hill & Davidson, for Cochran; J. A. White, C. M. Earhart and J. L. Hilton, for State.