STATE ex ATTY. GEN. v. WEAD, Aud.

Ohio Supreme Court

No. 19561. Dec. 22, 1925

227. CHARITIES—Dependent minors committed to Board of State Charities need not be permanent commitments to entitle the Board to charge County from which such minors were committed for board and expenses.

PER CURIAM.

This action was instituted in the Supreme Court, wherein the Attorney General sought a peremptory writ in mandamus directing Ralph Wead, the Auditor of Greene County, to draw a warrant upon the county treasurer for a certain sum claimed to be due the board of state charities for board, clothing, etc.

The petition alleged that the juvenile court committed certain dependent minors to the board which had furnished necessities; and statements showed the detailed expenditures incurred on behalf of such dependent minors. Wead claimed that a large majority of the commitments were temporary and charges thus made were illegal and void for the reason that no provision authorized the expenditures for temporary commitments.

The Supreme Court held:

1. A special master was appointed, who found that a large majority of the commitments were in fact temporary and only a few were permanent.

2. The sole question is whether under our existing statutes, a county becomes liable for such necessary expenses incurred in behalf of dependent minors for temporary as well as permanent commitments.

3. Section 1352 GC. provides: "The board of state charities shall, when able to do so, receive as its wards, such dependent or neglected minors as may be committed to it by the juvenile court."

4. These commitments may be either temporary or permanent, and under 1352-4 GC., board and expenses "shall be charged by the board of state charities to the county from which such child was committed."

5. There is no implication that such board and expenses should be charged only to a county from which such child was permanently committed; nor does it imply that temporary commitments are to be excluded from its provisions.

6. The language is clear and sufficiently comprehensive to embrace charges against the county under either form of commitment.

Report of Special Master confirmed and writ allowed.

Attorneys—C. C. Crabbe and Wilbur Benoy, Columbus, for State ex.; J. K. Williamson, Pros. Atty., and Chas. L. Darlington, Xenia, for Wead.