**TOULMIN, Jr., Plaintiff-Appellant, v. BECKER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2191. Decided October 29, 1952.

Pickrel, Schaeffer & Ebeling, William H. Selva, of Counsel, Dayton, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

## OPINION

By WISEMAN, J:

Submitted on application of plaintiff-appellant to refer this cause to a referee. The defendant-appellee opposes the application on the ground that the Court of Appeals has no statutory or inherent authority to make such reference.

The case is one in chancery and is in this Court on an appeal on questions of law and fact.

There is no statute which expressly confers the authority on the Court of Appeals to refer a chancery matter to a referee. In §12223-21 GC, it is provided that: "An appeal taken on questions of law and fact shall entitle the party to a hearing and determination of the facts de novo and shall be upon the same or amended pleadings." De novo means "anew" or "afresh."

The question of referencec is not a jurisdictional matter but one of procedure. **Dillon v. Cleveland, 117 Oh St 258, 266.** The Court of Appeals sits as a trial court in an appeal on questions of law and fact. In the trial of cases de novo, the Court of Appeals must necessarily be controlled by the code of civil procedure applicable to the Court of Common Pleas. An intolerable situation would result if the Court of Appeals in a trial de novo applied certain rules of procedure and rejected others.

Powers of reference are conferred on the Common Pleas Court. **Sec. 11475 GC** provides for reference by consent of the parties. Reference without consent is controlled by §11476 GC, which provides:

"When the parties do not consent, the court, or a judge thereof in vacation, upon the application of a party, or of its or his motion, may direct a reference in any case in which the parties are not entitled by the constitution to a trial by jury."

Under this section the trial court would have the authority to order a reference. Before the recent amendment to **Section 6, Article IV of the Ohio Constitution,** effective January 1, 1945, the Court in **Kiriakis v. Fountas, 109 Oh St 553** held:

"In a chancery case in the Court of Appeals, the parties have a constitutional right to have their case tried **de novo,** being permitted to introduce competent evidence under the legal rules applicable in the trial of questions of fact in trial courts."

In **Union Trust Co. v. Lessovitz et al, 122 Oh St 406,** the court on **page 418** said:

"However, in the plenary grant found in the constitutional provisions heretofore referred to, the parties in the trial of chancery cases have a right to have their case heard before the court **de novo** and to submit their evidence under the same legal rules applicable in the trial courts."

See also **Tinker v. Sauer, 105 Oh St 135.** In **Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Oh St 221,** the court in discussing the effect of the amendment to **Section 6, Article IV of the constitution** held that unless and until there is legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted. It is logical to conclude that in the exercise of that jurisdiction the Courts of Appeals have the same authority with respect to procedural matters as before the amendment. However, it should be noted that prior to the passage of the appellate procedure act which became effective January 1, 1936, §12223 GC provided that:

"The Court of Appeals shall have jurisdiction of certain cases, as hereinafter provided, by appeal; and the trial therein shall be conducted in the same manner as in the Common Pleas Court * * *."

The substance of that section is now embodied in §12223-21 GC, which does not expressly provide that the trial shall be conducted in the same manner as in the Common Pleas Court. However, it does provide that there shall be a hearing de novo. Under §12223-21 GC there is found a comment as follows:

"It also provides that appeals upon questions of law and fact shall be tried de novo which would include all the common law incidents of an original hearing as formerly included in §12223 GC."

In our opinion the provision in §12223-21 GC requiring a trial de novo in the Court of Appeals, when an appeal is taken on questions of law and fact, confers on the Court of Appeals all powers incident to the trial of such cases in the Court of Common Pleas. However, we do not choose to rest the determination of this question only on the authority of the Court of Appeals by referring to the statutory authority of the trial court, but also on the inherent power of courts of chancery to order a reference.

The right to a trial de novo in the Court of Appeals exists only in chancery cases. While the pronouncements of the courts of Ohio on this question are in the form of dicta, the courts have consistently held that a court of chancery has the inherent power to order a reference. It should be noted that the preclusion of a compulsory reference in a jury case (§11475 GC) is due to the constitutional guaranty of the right to a trial by jury. **Vol. 35 O. Jur., 106, Sec. 8;** Vol. 45 Am. Jur., 543, Sec. 5. This constitutional guaranty does not extend to equity cases. Therefore, the statute (**§11476 GC**) provides for a compulsory reference only in chancery cases. Without tracing the history of this section of the code. we are convinced that it simply expresses the inherent power which chancery courts were permitted to exercise at common law. Vol. 45 Am. Jur., 552, Sec. 11.

In **Johnson v. Wallace, 7 Ohio, Pt. 2, Page 62,** the court in 1836, in a dictum, on page 63 said:

"The difficulties arising in cases of this kind, however, may be avoided by a resort to a court of equity, which has concurrent jurisdiction with the courts of law in cases of this description. Those long and perplexing accounts might then be referred to a competent master, and be far more satisfactorily adjusted."

In Dillon v. Cleveland, supra, which was an action in equity, the fifth paragraph of the syllabus is as follows:

"The court of appeals has both inherent and statutory authority to direct a reference in chancery cases pending in that court on appeal from the court of common pleas and has power to direct a referee to make findings of fact and report conclusions of law."

However, in that case the reference was by consent of parties. In a dictum, Marshall, C. J., on page 267 held:

"Upon the inherent power of the court to direct a reference to a master, without statutory authority and without consent of the parties, judicial precedent is not lacking in Ohio."

On page 268 in discussing the power to order a reference the court said:

"If the power of the Court of Appeals to direct a reference is denied, it would create an anomalous situation. The court of common pleas clearly has the right to direct a reference in chancery cases, and an appeal from the common pleas court vacates the judgment. The case must then be tried **de novo** in the Court of Appeals. It would create an intolerable situation if complicated cases involving accounting were required to be heard in the Court of Appeals by all the judges without a reference."

Again on page 269, it is stated:

"The power of the Court of Appeals to direct a reference must be upon as firm a footing as the power of the Supreme Court to direct a reference in an original suit in this court, because there is no statutory authority for the Supreme Court to direct a reference. This court has, however, in numerous cases directed a reference, with authority to make findings of· fact and report conclusions of law, and in many of these instances without the agreement or express consent of the parties. The earliest reported case on this subject is **Hays v. Jones, 27 Oh St, 218,** in which a case appealed from the common pleas court of Fayette County to the district court, and by that court reserved to the Supreme Court, was sent by the Supreme Court to a master to report upon certain disputed facts. The latest cases in which a master has been appointed by this court are **State, ex rel. Schultz v. Carrel, Aud., 105 Oh St, 351,** 137 N. E., 915, in which a master was appointed to take testimony and make findings of fact, and **State, ex rel. Crabbe, Atty. Genl., v. Wead, Aud., 113 Oh St, 692,** 150 N. E. 80, in which a referee was appointed, with power to make findings of fact and conclusions of law."

In discussing the divergence of authority on the subject the court on page 270 said:

"The courts of some of the states of the Union have held that chancery courts have power to direct a reference, where not forbidden to do so by statutes. The courts of other states hold that there must be statutory authority. A third class holds that there is inherent power. In this state the courts have recognized the inherent power to direct a reference."

In Vol. 45 Am. Jur., 551, Sec. 11, it is stated:

"The general rule applicable in equitable actions is that even in the absence of a statute authorizing it, a court of equity has inherent power to enter an order of compulsory reference." (See references cited.)

In view of the pronouncements of the Supreme Court of Ohio on this subject and the statement of the general rule we hold that this Court in a de novo hearing as provided in §11223-21 GC has the inherent power to order the matter referred to a referee.

Motion sustained.

HORNBECK, PJ, MILLER, J, concur.