### THOMAS, Trust, In re.

Ohio Appeals, Tenth District, Franklin County.

Nos. 5873, 5874. Decided April 29, 1958.

John H. Summers, Robert L. Barton, Columbus, for Trustee-Appellant.

Edwin M. Tuttle, Robert Newlon, Columbus, for May T. Hrobon and Emil M. Hrobon.

Frank J. Collopy, Columbus, for Fred H. Johnson, Trustee.

Earl F. Morris, Columbus, for Purchasers and Remainderman.

## OPINION

By BRYANT, J.

Within a period of less than one month, late in 1957, four appeals on questions of law and fact, were filed in this court by the late Harry B. Holmes, as trustee of the trust created under the will of Clay M. Thomas, deceased. We shall make brief reference to said appeals by date of filing notice of appeal, referring to them as the first, second, third, or fourth appeal.

The first appeal, No. 5840 (notice of appeal filed November 18, 1957), complained of an order of the Probate Court of Franklin County, Ohio dated November 9, 1957 directing Judge Holmes, as trustee, who had for many years been under a $200,000 bond, within ten days from the date of said order to furnish an additional fiduciary bond in said trust for the penal sum of $1,550,000.

The second appeal, No. 5869 (notice of appeal filed December 10, 1957), complained of an order of the Probate Court of Franklin County, Ohio dated December 9, 1957 removing the said Judge Holmes, as trustee of the said trust. for failure to furnish an additional bond of $1,550,-000 within ten days from the date of the order of November 9, 1957. Said order appointed Fred H. Johnson as successor trustee.

The third appeal, No. 5873 (notice of appeal filed December 17, 1957), complained of an order of the Probate Court of Franklin County, Ohio dated December 12, 1957 removing the said Judge Holmes, as trustee of the said trust, in response to a motion filed by Emil M. Hrobon, assignee of life tenant. upon certain specified objections to the manner of administering the trust made by the said Hrobon.

The fourth appeal, No. 5874 (notice of appeal filed also on December 17, 1957), complained of a further order also dated December 12, 1957 by the Probate Court of Franklin County, Ohio wherein the said Probate Court assessed and allocated costs and appointed Fred H. Johnson as successor trustee of the Clay M. Thomas trust.

Heretofore, in case of the third appeal (No 5873), counsel for Judge Holmes had moved to consolidate all aforesaid appeals. It also has been officially brought to the attention of this court in each of the said cases that the said Judge Holmes died February 18, 1958. It will also be recalled that following the death of Judge Holmes, counsel for the various parties in interest on March 10, 1958 assembled in open court upon invitation of this court and discussed the effect of the death of Judge Holmes on the various matters pending. Thereafter in an opinion dated March 18, 1958 this court, in passing upon the question of consolidating the four separate appeals above referred to, dismissed the said motion as to the first appeal (No. 5840) and the second appeal (No. 5869) upon the ground that it appeared that all concerned were in agreement that the ques-

tions involved in the said first and second appeals were moot and that application would be forthcoming dismissing said appeals.

Under date of March 15, 1958 applications to dismiss were filed in the first and second appeals by William W. Holmes and Robert E. Holmes, administrators of the estate of Harry B. Holmes, and this court has heretofore considered said dismissal applications and finding them well taken, has sustained them.

The said decision of March 18, 1957 overruled the motion to consolidate the third and fourth appeals ordering that they retain their separate numbers as at present but authorizing consideration of the two cases together, both by way of argument and brief. Reserved also was the included question as to the appointment of a referee to receive and consider evidence relating to said appeals and prepare a report to this court setting forth his findings of fact and conclusions of law.

At the same time the applications to dismiss were filed in the first and second appeals and applications to revive were filed in the third and fourth appeals. The said two applications to revive are in like form and read as follows:

"William W. Holmes and Robert E. Holmes inform the Court that Harry B. Holmes, appellant herein, died on February 18, 1958, and that they are the duly appointed, qualified and acting administrators of said decedent's estate.

"Said administrators request that this appeal be revived in respect of Harry B. Holmes, appellant, in the names of William W. Holmes and Robert E. Holmes, administrators of the estate of Harry B. Holmes, deceased."

The counsel for the administrators aforesaid in a memorandum accompanying the application for revival rely upon §§2307. 25, 2311.21, 2311.-23, 2311.25, 2311.26 and 2311.34 R. C.

Sec. 2311.26 R. C., provides in part as follows:

"A revivor may be effected by the court, or a judge thereof in vacation, by allowing a motion of the representative or successor in interest to become a party to the action, or by supplemental pleading alleging the death of the party, and naming his representative or successor in interest upon whom service may be made as in the commencement of an action. * * *"

In opposition to this application, counsel for the assignee of the life tenant in his answer memorandum contends that neither the successor trustee nor the administrators of the estate of the deceased trustee have any interest in either the third or fourth appeals and therefore they should not be revived. The position of the assignee of the life tenant as stated on the first page of his memorandum of April 2, 1958 is as follows:

"The basic action here was the motion to remove the trustee on the grounds of incompetency and for the best interests of the trust. This is a personal action undefendable by either the subsequent trustee or the personal representative of the deceased trustee. The new trustee has no interest in the action as his duties start on his appointment. The personal representative of the estate of the deceased has no interest in the

action because if he was successful in the appellate courts it would not reinstate the trustee."

In reply, counsel for the administrators of the estate of Judge Holmes say that because of the provisions of §2311.21 R. C., it can not be successfully urged that this action is moot. Said section as amended January 1, 1958 provides as follows:

"Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party."

In our opinion, the application to revive the so-called third and fourth appeals in the names of the administrators of the estate of the late Judge Holmes should be granted. It is true in the third appeal the principal question is whether or not the lower court was correct in removing Judge Holmes, as trustee, but it is also clear that there are secondary questions arising in which the administrators have a real subsisting interest.

It may well be that a question remains as to the amount of compensation which was due to the late Judge Holmes and the correctness of the determination as to his removal may have an important bearing on the matters included in the fourth appeal having to do with the assessment and allocation of costs and expenses.

At one of the hearings relative to the amount of bond on appeal it was suggested that the costs and expenses already accrued were a sizeable figure, perhaps between $40,000 and $50,000. It was our understanding at the time that said figure was exclusive of any amount which might properly be due as counsel fees for attorneys representing the several parties in interest.

On behalf of the assignee of the life tenant it is urged that the new or successor trustee has no interest in the action "as his duties start on his appointment." Whether or not such successor trustee has or does not have an interest in the litigation, the outcome of which might involve a considerable amount of the trust, we do not here decide nor is it necessary for us to do so for there is no application pending upon the part of the successor trustee either to revive or to be made a party

In light of our holding about said appeals there remains one further question reserved from the earlier motion asking this court to refer this case to a suitable referee to receive and consider evidence relating to said appeals and to report to this court the findings of fact and conclusions of law.

As before stated, all of the appeals referred to herein are appeals on questions of law and fact and counsel for the administrators of the estate of the late Judge Holmes have stated in unequivocal terms that they desire a trial de novo. It would appear clear that they have an unquestioned right to such a trial. Therefore, this court will sustain the motion for the appointment of a referee and in due course will notify counsel of such appointment.

PETREE, PJ, MILLER, J, concur.