IN RE TRUST CREATED BY WILL OF THOMAS: HOLMES ET AL., APPELLANTS, *v.* HROBON ET AL., APPELLEES.*

*Motion to certify the record overruled (37399), April 18, 1962.

For earlier litigation in this matter, see 53 Ohio Law Abs., 21; 58 Ohio Law Abs., 477; 93 Ohio App., 1; 107 Ohio App., 114; and 158 Ohio St., 508. See, also, 116 Ohio App., 363.

367

(No. 5874—Decided January 31, 1961.)

*Mr. John H. Summers,* for William W. Holmes and Robert E. Holmes, administrators-appellants.

*Mr. Earl F. Morris,* for Ray G. Thomas et al., appellants.

*Mr. Edwin M. Tuttle,* for appellees and exceptor.

McLaughlin, J.   The latest motion to dismiss this appeal on questions of law and fact is overruled.   See *In re Trust Created by Will of Thomas,* 107 Ohio App., 114.

The order of the Probate Court removing Judge Holmes as trustee has been reversed.   See opinion in companion case, No. 5873, *ante,* 363.

The crux of this appeal is the correctness or incorrectness of the Probate Court's order apportioning the Probate Court costs in the removal proceedings in that court.

This being an appeal on questions of law and fact from a judgment of the Probate Court allocating costs in accordance with the power granted by Section 2101.32, Revised Code, the

matter of costs is now within the discretion of this court. See *Holmes, Trustee, v. Hrobon,* 93 Ohio App., 1.

The order of the Probate Court, allocating the Probate Court costs in the removal proceedings, made while the trustee, Harry B. Holmes, was still alive, applied the general principle that the prevailing party is entitled to his costs, and, since the trustee was removed, taxed the costs one-half against Harry B. Holmes, personally, and one-fourth each against the two classes of remaindermen.

The referee's report and decision in this case in substance merely says that the assignee of the life tenant should pay that one-half part of the Probate Court costs allocated to Judge Holmes, individually. In other words, that the assignee of the life tenant, Hrobon, now should pay one-half of the costs and that each of the two classes of remaindermen should still pay one-fourth of the Probate Court costs.

The reason given by the referee for taxing the one-fourth part of the costs to each of the two classes of remaindermen is that, while they were proper parties to this cause, they were not necessary parties, and their injection of themselves into the suit made them mere volunteers, and that their activities in the Probate Court trial contributed to some extent to that court's total costs; while, on the other hand, their activities in each of the cases on appeal were relatively insignificant.

Our search of the Probate Court record discloses to us that their activities in the original proceeding in Probate Court were likewise relatively insignificant.

We, therefore, modify the finding of the referee and hold that the two classes of remaindermen shall be excused and absolved from the payment of any costs, excepting of course their own counsel fees which they should pay.

In our opinion, it is more proper and just that the two-fourths or one-half of the Probate Court removal proceeding costs, which the referee recommends be allocated to the two classes of remaindermen, be allocated and taxed against the corpus of the trust estate. Since the original proceeding in Probate Court sought the removal of Judge Holmes, the testamentary trustee, he could properly charge the estate with the expense of defending his administration of the trust. The same

reasoning would apply to his prosecution of this appeal. The assignee of the life tenant should stand all counsel fees of the trustee and of the administrators of his estate.

It is found that there should be assessed against the assignee of the life tenant and paid out of the income of the trust one-half of the statutory costs with respect to the proceedings in the Probate Court on the motion of the assignee of the life tenant to remove Harry B. Holmes, the trustee appointed by the will of Clay M. Thomas, deceased, together with one-half of the costs in the Court of Appeals in this case, No. 5874.

It is further found that there should be assessed against and paid out of the corpus of the trust, one-half of the statutory costs with respect to the proceedings in the Probate Court on motion to the assignee of the life tenant to remove Harry B. Holmes, the trustee as aforesaid, together with one-half of the costs in this case, No. 5874.

It is further found that such amounts as are determined to be due the attorneys for the trustee or the attorneys for the administrators of the estate of Harry B. Holmes, deceased, with respect to the original proceedings in Probate Court to remove the trustee and the proceedings in this case, No. 5874, in the Court of Appeals, should be paid out of the corpus of the trust.

In all other respects, the report, the findings of fact and conclusions of law and the decision of the referee, are adopted and affirmed and made a part of this court's opinion by incorporation and reference.

Counsel for the assignee of the life tenant, at the final hearing of this appeal, in argument and written motion have again raised the question as to whether this appeal lies upon questions of law and fact. We repeat what was said in our opinion in case No. 5873. It applies to this case, No. 5874, as well. Actually, if this appeal had been reduced to one of law only, the end result would be the same. We find from the record of the testimony in the Probate Court (which record would have constituted the bill of exceptions in a law appeal), ample showing of what we consider to be an abuse of discretion on the part of the Probate Court in the removal of the trustee, and the allocation of probate costs.

The motion to dismiss this appeal on questions of law and

fact, and the motion to dismiss this appeal on the ground that moot questions are involved are again overruled.

*Judgment accordingly.*

BRYANT, P. J., and DUFFY, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.