Weier, Appellant, v. Thorne, Appellee.

(No. 350—Decided May 12, 1965.)

*Mr. Bernhardt G. Zeiher* and *Mr. Wilbert G. Schwer,* for appellant.

*Messrs. Moon & Wilber,* for appellee.

Fess, J.   This is an appeal on questions of law and fact from a finding and judgment of the Common Pleas Court in favor of defendant in an action brought by the plaintiff for an accounting by the defendant of his operation of a boat marina owned by plaintiff and managed by the defendant as manager from February 2, 1959, to October 9, 1962.

In his petition, after reciting the circumstances relating to the employment of the defendant, plaintiff alleges that defendant performed work for various boat owners and received as a result thereof sums of money in amounts not ascertainable by the plaintiff; and that defendant failed and refused to make a full, complete and proper accounting of his stewardship of plaintiff's business establishment, so that the plaintiff might be able to determine what moneys are due and owing to him

from the defendant and whether or not defendant has complied with the requirements as to contracting indebtedness. Plaintiff prays that defendant be compelled to account as to all transactions during the time he functioned as operator for plaintiff of his business and that plaintiff may have judgment for such sums as shall be found due upon such accounting.

Incident to the appeal, appellant, plaintiff below, designated as evidence which he elected to present upon the appeal the transcript of the testimony and exhibits received upon the trial in the Common Pleas Court, and did not elect to take additional testimony or request the appointment of a master or referee for such purpose.

The cause came on to be heard upon evidence adduced in the trial court and the exhibits attached to the transcript of the proceedings before the Common Pleas Court. During the course of appellant's argument upon the appeal appellant's counsel suggested that the case was such as should require its reference to a referee for an accounting. At the conclusion of the argument the court granted leave to the appellant to make written application to the court for the appointment of a referee to whom the case might be referred together with a memorandum in support of the necessity for such appointment and reference. Appellee has filed a memorandum contra such application.

Although there is no statute conferring authority upon a Court of Appeals to refer a chancery matter to a referee, the court has inherent power in its discretion to refer a case to a referee to take testimony, to make findings of fact and report his conclusions of law to the court. *Dillon* v. *City of Cleveland,* 117 Ohio St. 528; *Toulmin* v. *Becker,* 94 Ohio App. 524; *In re Thomas,* 107 Ohio App. 114. The purpose and usefulness of references lie in their effect to relieve the courts of work and thereby to expedite business and to facilitate the administration of justice in the general interest of the public by relieving the court of detail work. One of the prime reasons for ordering a reference in a chancery case is that under ordinary conditions the machinery of a court, particularly a Court of Appeals, is not adapted to the hearing of controversies presenting intricate questions of bookkeeping, or extending into multifarious details, while the less formal procedure before

a referee will afford the largest possible scope of inquiry. Cf. 47 Ohio Jurisprudence 85, References, Section 3.

There seems to be a misconception of the efficacy of the procedure before a referee for an accounting. A referee is not an investigator or detective who ferrets out facts. A controversy is referred to him to hear evidence and make findings of fact and conclusions of law to be reported to the court for final decision. The proceeding does not assure a party a finding in his favor any more than a trial by the court. Somewhat like a judge he presides at a hearing where evidence is adduced by the parties pro and con upon examination by counsel. Neither a judge nor a referee may force a party to make admissions except by way of cross-examination or by discovery proceedings.

In the instant case the plaintiff made no request in advance of trial to the Common Pleas Court for reference of the issue to a referee. He had his accounting in the Common Pleas Court, by way of cross-examination of the defendant, and the examination of such other witnesses as he thought might throw some light upon the issues presented, including the accountant of the plaintiff to whom defendant made periodic reports of his operations, and an independent accountant employed by plaintiff to whom such books and records as defendant purportedly had were submitted for examination. To a majority of this court it appears that the reference of the case at this time to a referee would essentially involve a retrial of the case without substantial benefit accruing to either party. Furthermore, the plaintiff had the opportunity of making application to this court for a reference at the time he elected to present the evidence adduced in the trial below as the evidence upon which his appeal would be determined. His application for such reference during arguments on the merits was made too late and therefore is overruled.

Upon review of the evidence adduced upon this appeal on questions of law and fact a majority of the court find, as did the trial court, in favor of the defendant and enter judgment accordingly.

*Judgment accordingly.*

SMITH, J., concurs.

BROWN, J. dissenting. The appointment of a referee by the Court of Appeals in an equity case, such as the instant case for an accounting, involving a trial *de novo,* in order to take further testimony, make findings of fact and report conclusions of law to the court, falls within its inherent and statutory authority. *Dillon* v. *City of Cleveland,* 117 Ohio St. 258. Reference of an equity matter to a referee, or refusal to make a reference, is within the discretion of the court. Section 2315.27, Revised Code. However, in the instant case, involving numerous transactions covering a period of four years between a principal and his agent, in the interests of substantial justice, in order to obtain all the facts possible so as to be able to render a judgment based on all the facts, appointment of a referee for this purpose should be made in the exercise of judicial discretion.

Aside from the question of appointment of a referee, upon a review of all the evidence adduced in the trial court, and available to this court on appeal on questions of law and fact, I find that the plaintiff is entitled to a finding in his favor and final judgment thereon against the defendant, for certain items hereinafter enumerated for which the defendant failed to give an accounting to the plaintiff, in the sum of $1,775. The evidence disclosed that the defendant collected at least $7,100 in the Marina business for which he gave no accounting to, and made no division with, the plaintiff.

At paragraph 29 of the memorandum comprising the agreement for the operation of the Marina it is provided as follows:

"The NET profit derived from any labor or service performed on any watercraft by the OPERATOR without any help or assistance paid for by the OWNER, shall be divided for the OPERATOR 75% and for the OWNER 25% excepting the winter storage fee which is provided for under the caption of TRAVELIFT. Propellor removal or similar work, washing of hull of craft for winter storage or other work necessary for winter storage draining of engine and toilet and such other work of similar nature, shall come under this caption."

Plaintiff's Exhibit I showed a continuous purchase of radios in excess of $5,000 in value from Bell Radio, and the defendant admitted resale thereof to Marina customers of twenty-three or

twenty-four radios covered by this exhibit at a $30 markup or profit for each radio, for a total profit of $600. Defendant also admitted on cross-examination that he performed services on boats for Dr. Courtney, collecting at least $2,000; services for Dr. Taylor, collecting at least $2,000; and services for Mr. Rockenbaugh, for which he collected at least $2,500. These four items total $7,100, and the defendant admitted that he never reported or accounted for these items at any time to the plaintiff. In accordance with paragraph 29 of the agreement set forth above the plaintiff was entitled to 25 per cent of this sum collected by the defendant, and this sum is $1,775.

The evidence discloses many other transactions, besides those to which reference is made above, which the defendant did not report to the plaintiff, and for which no accounting was made, but the profit, if any, derived by the defendant from these was never proved. To fully disclose these myriad, unreported transactions is the urgent reason for an appointment of a referee to take further testimony. Since only speculation and conjecture can be applied to these partially proved failures of defendant to account, no money award, in addition to $1,775, should be made to the plaintiff.